

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-62,099-04

**EX PARTE ROBERT LYNN PRUETT, Applicant**

## ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS AND MOTION TO STAY THE EXECUTION IN CAUSE NO. B-D1-MO15-PR-B IN THE 156TH JUDICIAL DISTRICT COURT BEE COUNTY

*Per curiam*. RICHARDSON, J., not participating.

### O P I N I O N

This is a subsequent application for a writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071 § 5 and a motion to stay applicant's execution.

In April 2002, a jury found applicant guilty of the offense of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This

Court affirmed applicant's conviction and sentence on direct appeal. *Pruett v. State*, No. AP-74,370 (Tex. Crim. App. Sept. 22, 2004)(not designated for publication). Applicant filed his initial application for a writ of habeas corpus in the convicting court in February 2004, and this Court subsequently denied relief. *Ex parte Pruett*, 207 S.W.3d 767 (Tex. Crim. App. 2005). Applicant filed a subsequent application for a writ of habeas corpus in the trial court on July 14, 2014. This Court determined that the subsequent application failed to satisfy the requirements of Article 11.071 § 5(a), and the Court dismissed it. *Ex parte Pruett*, No. WR-62,099-02 (Tex. Crim. App. Dec. 10, 2014)(not designated for publication). On April 1 and 8, 2015, applicant filed in this Court a motion for leave to file a petition for a writ of prohibition and a petition for a writ of prohibition. The Court denied applicant leave to file the writ of prohibition on April 20, 2015.

On April 17, 2015, applicant filed in the trial court his second subsequent application for a writ of habeas corpus. In that application, applicant asserted that he was entitled to relief under Texas Code of Criminal Procedure Article 11.073 because, had the results of DNA testing conducted pursuant to a Chapter 64 motion been available at the time of trial, it was likely that the jury would not have convicted him. Applicant cannot obtain relief on this claim.

In May 2013, applicant filed in the trial court a motion for post-conviction DNA and palm-print testing under Chapter 64 of the Texas Code of Criminal Procedure. The trial court granted that testing. However, the results of the testing were inconclusive, and

the trial judge found that it was not reasonably probable that applicant would have been acquitted had the new results been available at trial. Applicant appealed that decision to this Court, and, after reviewing the issue *de novo*, we affirmed the judgment of the trial court. *Pruett v. State*, No. AP-77,037 (Tex. Crim. App. Oct. 22, 2014)(not designated for publication), *cert. denied*, *Pruett v. Texas*, No. 14-8097 (Mar. 30, 2015).

Article 11.073, by its language, applies to relevant scientific evidence that was not available to be offered by a convicted person at the convicted person's trial. Article 11.073 provides that a court may grant relief on an application for a writ of habeas corpus if a person (1) files an application containing specific facts indicating that (A) relevant scientific evidence is currently available that was not available at the time of trial because it was not ascertainable, and (B) the scientific evidence would be admissible at trial, and (2) the court makes the above findings and also finds that, had the evidence been presented at trial, "on the preponderance of the evidence the person would not have been convicted." Because both the trial court and this Court during the 2013 Chapter 64 proceedings found that the inconclusive DNA evidence did not support a reasonable probability that applicant would have been acquitted had that evidence been available at his trial, applicant is foreclosed from obtaining relief under Article 11.073. Therefore, applicant is denied relief in this subsequent writ application, and his motion to stay his execution is denied. No motions for rehearing will be entertained, and the clerk of this Court is instructed to issue mandate immediately.

Publish
Delivered:          April 24, 2015