COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:  Ex Parte Donald Wayne Herod

Appellate case number:  01-15-00494-CR

Trial court case number:  0677275

Trial court:       County Criminal Court at Law No. 2 of Harris County

   Appellant, Donald Wayne Herod, proceeding *pro se* and incarcerated, filed a notice of appeal of the trial court's April 21, 2015 summary denial of his post-conviction application for a writ of habeas corpus, filed under Article 11.073 of the Code of Criminal Procedure, on May 11, 2015. On June 30, 2015, the trial clerk filed a supplemental clerk's record, in compliance with the notice issued on June 11, 2015, by the Clerk of this Court, attaching the amended trial court's certification of appellant's right of appeal of the denial of his habeas application. *See* TEX. R. APP. P. 25.2(d), 37.1.

   After a review of the clerk's record, filed on June 1, 2015, it appears that appellant, though using the form for Article 11.07 applications, filed this habeas application under Article 11.073, which is a new statute. Appellant claims that he entered into a guilty-plea bargain for driving while intoxicated ("DWI"), but does not state the date of his plea or whether he was sentenced to jail or placed on community supervision, and states that he did not appeal from this judgment of conviction.[1]

---

[1]  Appellant is currently incarcerated pursuant to an unrelated judgment of conviction of the 339th District Court of Harris County, Texas, in cause number 1152281, after a jury found him guilty of the third-degree felony offense of DWI — third offense. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2014). This Court affirmed appellant's conviction and fifty-year sentence under that cause number for felony DWI. *Herod v. State*, No. 01–08–00908–CR, 2010 WL 1981577, at *5 (Tex. App.—Houston [1st Dist.] May 13, 2010, pet. ref'd). This Court also denied appellant's *pro se* mandamus petition seeking to compel the respondent trial judge to rule on his "motion to discover the blood sample," filed under Article 11.073. *In re Herod*, No. 01–14–00639–CR, 2014 WL 4375591, at *1 (Tex. App.—Houston [1st Dist.] Sept. 4, 2014, orig. proceeding).

Appellant asserts that he is "not asking for a time cut" with his habeas application, but "for a redress to this miscar[ri]age of justice claim in this case." Appellant alleges that, after he was arrested on or about December 1, 1982, following a car accident, the Pasadena police officer failed to do any test and, even though appellant told the officer he was invoking his Fifth Amendment right to refuse any test, the statutes require a blood sample when a person refuses testing.

Article 11.073 of the Code of Criminal Procedure, entitled "Procedure related to certain scientific evidence," was enacted on September 1, 2013, and applies to relevant scientific evidence that: "(1) was not available to be offered by a convicted person at the convicted person's trial; or (2) contradicts scientific evidence relied on by the state at trial." TEX. CODE CRIM. APP. PROC. ANN. art. 11.073(a) (West Supp. 2014). "Article 11.073 provides that a court may grant relief on an application for a writ of habeas corpus if a person (1) files an application [in the manner provided by Article 11.07, 11.071, or 11.072,] containing specific facts indicating that (A) relevant scientific evidence is currently available that was not available at the time of trial because it was not ascertainable, and (B) the scientific evidence would be admissible at trial, and (2) the court makes the above findings and also finds that, had the evidence been presented at trial, 'on the preponderance of the evidence the person would not have been convicted.'" *Ex parte Pruett*, 458 S.W.3d 535, 537 (Tex. Crim. App. 2015) (quoting Article 11.073(b)(1)). Thus, "Article 11.073 provides a new legal basis for habeas relief in the small number of cases where the applicant can show by the preponderance of the evidence that he or she would not have been convicted if the newly available scientific evidence had been presented at trial." *Ex parte Robbins*, No. WR–73,484–02, 2014 WL 6751684, at *8 (Tex. Crim. App. Nov. 26, 2014), *reh'rg granted* (May 13, 2015).

Here, the trial court handwrote "Denied w/o hearing" on the front of appellant's habeas application on April 21, 2015. The trial clerk signed a memorandum response memorializing the habeas denial on April 21, 2015. However, neither a separate written order was signed denying the application as frivolous nor findings of fact or conclusions of law were included with the clerk's record filed on June 1, 2015, as required by Texas Code of Criminal Procedure Article 11.072, § 7(a). Because the clerk's record does not include any underlying judgment of conviction or order of deferred adjudication, it is unclear whether appellant was placed on community supervision for the above trial court cause number 0677275, as required under Article 11.072, § 2(b). Furthermore, it is unclear whether Article 11.073 applies to guilty pleas or when the relevant scientific evidence that appellant asserts was unavailable was due to his refusal to consent, as here. *See* TEX. CODE CRIM. APP. PROC. ANN. art. 11.073(a).

Accordingly, we sua sponte **abate** the appeal and **remand** for the trial court to enter written findings of fact and conclusions of law, separate and apart from any docket sheet notations in this case, in conjunction with the trial court's denial of appellant's habeas application, finding whether he properly raised his claims under either Article 11.072 or 11.073. *See Ex parte Pruett*, 458 S.W.3d at 537; *Ex parte Villanueva*, 252 S.W.3d 391, 396 (Tex. Crim. App. 2008) (reversing and remanding the habeas denial

because "[i]f the [trial] court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous," but "[t]he trial judge is required to enter findings of fact and conclusions of law along with a written order in all other cases") (citing, *inter alia*, TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a)); *see also Ex parte Zantos-Cuebas*, 429 S.W.3d 83, 91-92 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (reversing and remanding a habeas denial for the trial court to enter findings of fact and conclusions of law after holding that the trial court had erred in denying the application as frivolous); TEX. R. APP. P. 44.4(b).

In addition, on July 10, 2015, appellant filed a "Motion to Leave to File Motion for Appointment of Counsel" in this Court claiming, among other things, that he is indigent and the "issues involved in this case are complex and will require significant research and investigation." Although this Court is not authorized to appoint counsel, "[a]n eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in the following appellate and postconviction habeas corpus matters: . . . (3) a habeas corpus proceeding if the court concludes that the interests of justice require representation. . . ." TEX. CRIM. PROC. CODE ANN. § art. 1.051(d)(3) (West Supp. 2014). Thus, the trial court is also **ordered** to include, in its findings, whether it concludes that the interests of justice require the appointment of counsel for appellant. *See id.* If the trial court does appoint counsel, a separate order appointing counsel should be entered in the trial court's docket and included with the supplemental clerk's record.

The trial court shall make the appropriate findings and conclusions, including an amended certification of appellant's right to appeal, *see* TEX. R. APP. P. 25.2(a)(2), and shall cause them to be filed with the trial court clerk within **30 days** of the date of this order. We further order the trial court clerk to file a supplemental clerk's record containing the trial court's findings, conclusions, and certification with this Court within **30 days** of the date of this order.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket without further order of the Court when the supplemental clerk's record is filed in this Court. Because appellant already filed a *pro se* brief on June 17, 2015, appellant will be permitted to file a supplemental brief, if any, within 20 days after reinstatement. The State may file a brief in response, if any, within 20 days of the filing of any supplemental brief. If no supplemental brief is filed, this Court may set this appeal for submission without further briefs. *See* TEX. R. APP. P. 31.1.

It is so **ORDERED**.


Judge's signature: /s/ <u>Laura Carter Higley</u>
                 ☒ Acting individually
Date: August 27, 2015