**Opinion issued April 14, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00494-CR

———————————

## EX PARTE DONALD WAYNE HEROD

---

**On Appeal from County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 0677275**

---

## MEMORANDUM OPINION

Appellant, Donald Wayne Herod ("Herod"), proceeding *pro se* and incarcerated, appeals from the habeas court's April 21, 2015 order denying, without considering the merits, his post-conviction application for a writ of habeas corpus, purported to be filed under article 11.073 of the Texas Code of Criminal Procedure. However, Herod's application actually falls under article 11.09 because it challenges a misdemeanor conviction for which he was not placed on community supervision.

Such applications are not eligible for habeas corpus relief under article 11.073. Because the habeas court denied Herod's article 11.09 application without considering the merits, we dismiss this appeal for lack of jurisdiction and dismiss all motions as moot.

## BACKGROUND

Herod alleges that, after he was arrested for driving while intoxicated ("DWI") on December 1, 1982, following a car accident, the police officer failed to do any test to determine whether he was intoxicated. Even though he contends he told the officer he was invoking his Fifth Amendment right to refuse any test, Herod claims that the DWI statutes now require a blood sample when a person refuses testing. Herod asserts that he is "not asking for a time cut" with his habeas application, but "for a redress to this miscar[ri]age of justice claim in this case."

Herod submitted this habeas application, dated April 13, 2015 in the trial court, using the form for article 11.07 applications, but he changed it to an article 11.073 application, a new statute related to certain scientific evidence that was unavailable at the time of trial. *See* TEX. CODE CRIM. APP. PROC. ANN. arts. 11.07, 11.073(a) (West Supp. 2015). Article 11.073(b) provides that:

> A court may grant relief on an application for a writ of habeas corpus if:
>> (1) the convicted person files an application in the manner provided by Article 11.07, 11.071, or 11.072, containing specific facts indicating that:

2

(A) relevant scientific evidence is currently available and was not available at the time of the convicted person's trial because the evidence was not ascertainable through the exercise of reasonable diligence by the convicted person before the date of or during the convicted person's trial; and

(B) the scientific evidence would be admissible under the Texas Rules of Evidence at a trial held on the date of the application; and

(2) the court makes the findings described by Subdivisions (1)(A) and (B) and also finds that, had the scientific evidence been presented at trial, on the preponderance of the evidence the person would not have been convicted.

TEX. CODE CRIM. APP. PROC. ANN. art. 11.073(b); *see, e.g.*, *Ex parte Pruett*, 458 S.W.3d 535, 537 (Tex. Crim. App. 2015) (denying article 11.071 habeas application because "inconclusive DNA evidence did not support a reasonable probability that applicant would have been acquitted had that evidence been available at his trial, applicant is foreclosed from obtaining relief under Article 11.073.").

If Herod had filed an article 11.07 or an 11.071 application—the first two types of habeas applications listed as eligible for article 11.073(b) consideration— we would lack jurisdiction over them. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West Supp. 2015) ("After final conviction in any [non-death penalty] felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas."); TEX. CODE CRIM. PROC. ANN. art. 11.071, § 4(a) (West Supp. 2015) ("An application for a writ of habeas corpus [in a death-penalty felony case is] returnable to the court of criminal appeals. . . . "). If Herod had filed an article

3

11.072 habeas application, involving a "felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision," that would be the only application eligible for article 11.073(b) consideration for which this Court would have appellate jurisdiction. TEX. CODE CRIM. PROC. ANN. art. 11.072, §§ 1, 8 (West Supp. 2015) ("If the application [under article 11.072] is denied in whole or part, the applicant may appeal under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure.").

Herod's application claimed that he had entered into a guilty-plea bargain for this DWI offense in the underlying trial court cause number 0677275, but he did not state the date of his plea or whether he was sentenced to jail or placed on community supervision. He also stated that he did not appeal from this conviction.[1]

On April 21, 2015, the same date that the trial clerk filed Herod's habeas application in the trial court, the trial court handwrote "Denied w/o hearing" on the front of the application. The trial clerk signed a memorandum response

---

[1] Appellant is currently incarcerated pursuant to an unrelated judgment of conviction of the 339th District Court of Harris County, Texas, in trial court cause number 1152281, after a jury found him guilty of the third-degree felony offense of DWI — third offense. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2015). This Court affirmed Herod's conviction and 50-year prison sentence under that 1152281 cause number for felony DWI. *Herod v. State*, No. 01–08–00908–CR, 2010 WL 1981577, at *5 (Tex. App.—Houston [1st Dist.] May 13, 2010, pet. ref'd) (mem. op., not designated for publication). This Court also denied Herod's *pro se* mandamus petition seeking to compel the respondent trial judge to rule on his "motion to discover the blood sample," filed under article 11.073. *In re Herod*, No. 01–14–00639–CR, 2014 WL 4375591, at *1 (Tex. App.—Houston [1st Dist.] Sept. 4, 2014, orig. proceeding) (mem. op., not designated for publication).

memorializing the denial on April 21, 2015. Herod timely filed a notice of appeal of the trial court's April 21, 2015 summary denial of his habeas application on May 11, 2015. *See* TEX. R. APP. P. 26.2(a)(1).

In response to a notice from the Clerk of this Court, the trial clerk filed a supplemental clerk's record in this Court, attaching an amended trial court's certification stating that appellant had a right of appeal of the denial of his habeas application. *See* TEX. R. APP. P. 25.2(d), 37.1. However, the clerk's record did not contain a separate written order denying the habeas application as frivolous. Findings of fact or conclusions of law were also not included, as required by Texas Code of Criminal Procedure article 11.072, § 7(a), if Herod's application was properly filed under article 11.072. Also, the clerk's record did not include any underlying judgment of conviction or order of deferred adjudication, as required under article 11.072, § 2(b).

Thus, this Court abated and remanded the case for the trial court to file findings of fact and conclusions of law in conjunction with its summary denial of Herod's habeas application, which would assist this Court in determining whether we have jurisdiction over this appeal. This Court primarily requested that the trial court find, among other things, whether Herod had been placed on community supervision or probation under trial court cause number 0677275 for his habeas application to be properly filed under article 11.072. Further, if the habeas court

5

found that Herod's application was properly filed under article 11.072, making his application eligible for consideration under article 11.073(b)(1), this Court requested that the habeas court make the findings described above, under articles 11.073(b)(1)(A), (B), and (b)(2).

On December 8, 2015, the trial court signed the "State's Proposed Findings of Fact, Conclusions of Law, and Order" denying Herod's habeas application. The habeas court made several findings of fact and conclusions of law, with the following ones pertinent to this Court's determination of whether it has jurisdiction over this appeal:

### FINDINGS OF FACT

1. The [Habeas] Court finds that the applicant was convicted of the misdemeanor offense of driving while intoxicated out of County Criminal Court at Law No. 2, Harris County, Texas, on December 1, 1982, in cause no. 0677275.

2. The [Habeas] Court finds that upon applicant's conviction in cause no. 0677275, applicant received three days confinement in the Harris County Jail, reflecting a final conviction.

   . . . .

4. The [Habeas] Court finds the applicant filed an 11.073 application for writ of habeas corpus in cause no. 0677275 on January 20, 2015.

   . . . .

7. The [Habeas] Court finds that this court denied applicant's application for writ of habeas corpus on April 21, 2015, without a hearing.

6

. . . .

CONCLUSIONS OF LAW

1.    The applicant's claim is improper under 11.072 as applicant was not placed on community supervision or probation for the instant conviction. TEX. CODE CRIM. PROC. ANN. art. 11.072.

Herod filed a *pro se* appellate brief in this Court before the supplemental clerk's record, containing the trial court's findings of fact and conclusions of law, was filed. In this Court's order reinstating this case, the Court permitted Herod to file a supplemental brief, but none was timely filed. *See* TEX. R. APP. P. 31.1.

**ANALYSIS**

The habeas court made several findings of fact, the most relevant of which were that Herod was convicted of a misdemeanor DWI offense in 1982 for which he received three days confinement in the Harris County Jail, and that the habeas court denied Herod's article 11.073 application for writ of habeas corpus on April 21, 2015, without a hearing. Thus, because the trial court found that Herod was convicted of a misdemeanor for which he received jail time and not placed on deferred adjudication community supervision or probation, Herod's habeas application actually falls under article 11.09, not article 11.072.

Article 11.072 states that "[a]n application for a writ of habeas corpus under this article *must* be filed with the clerk of the court in which community supervision

was imposed." TEX CODE CRIM. PROC. ANN. art. 11.072, § 2(a) (emphasis added). In contrast to the mandatory nature of article 11.072, article 11.09 states that "[i]f a person is confined on a charge of misdemeanor, he *may* apply to the county judge of the county in which the misdemeanor is charged to have been committed. . . ." TEX CODE CRIM. PROC. ANN. art. 11.09 (West Supp. 2015) (emphasis added). Thus, article 11.09 "is permissive, not mandatory, and is therefore merely advisory in nature." *State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433, 434 (Tex. Crim. App. 1987) (orig. proceeding); *see, e.g.*, *Ex parte Paselk*, No. 06–14–00099–CR, 2014 WL 4922981, at *3 (Tex. App.—Texarkana Oct. 1, 2014, pet. ref'd) (mem. op., not designated for publication) ("Thus, both county and district courts have original jurisdiction in habeas corpus proceedings when attacks are made upon the validity of misdemeanor convictions not involving community supervision.").

In this case, Herod's application was actually filed under article 11.09 because it challenged a 1982 misdemeanor conviction, which did not place him on community supervision or probation. Thus, Herod's article 11.09 application was ineligible for consideration under article 11.073(b), which only permits an article 11.072 application for which we would have jurisdiction. *See* TEX. CODE CRIM. APP. PROC. ANN. art. 11.073(b)(1) ("A court may grant a convicted person relief on an application for a writ of habeas corpus if: (1) the convicted person files an application, in the manner provided by Article 11.07, 11.071, or 11.072. . . .").

8

Moreover, because Herod's article 11.09 application was denied by the habeas court without a hearing on the merits, we lack appellate jurisdiction to consider this appeal. *See Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008) (citation omitted) ("[W]hen a trial judge refuses to issue a writ [of habeas corpus] or denies an applicant a hearing on the merits of his or her claims, there is no right to appeal."); *see also Purchase v. State*, 176 S.W.3d 406, 407 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("There is no right of appeal from a refusal to issue the writ of habeas corpus when the trial court did not consider and resolve the merits of the petition.") (citations omitted). "In such cases, the applicant has two remedies: first, to present the [habeas] application to another trial judge with jurisdiction; or second, to file an application for a writ of mandamus." *Ex parte Villanueva*, 252 S.W.3d at 394 (citation omitted).

Consequently, because the habeas court here summarily denied Herod's article 11.09 application without a hearing—meaning it refused to issue the writ of habeas corpus under article 11.09 and did not consider and resolve it on the merits— we are without appellate jurisdiction and must dismiss this appeal. *See Ex parte Villanueva*, 252 S.W.3d at 394; *Purchase*, 176 S.W.3d at 407; *see, e.g.*, *Ex parte Paselk*, 2014 WL 4922981, at *3 ("'There is no appeal from a refusal to issue the writ of habeas corpus' under Article 11.09.") (quoting *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998) (per curiam)).

9

## CONCLUSION

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP.

P. 43.2(f). We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish. TEX. R. APP. P. 47.2(b).