Timo ROSE, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–05–00571–CR.

Court of Appeals of Texas,
San Antonio.

April 12, 2006.

Discretionary Review Refused
July 26, 2006.

Michael C. Gross, Law Office of Michael C. Gross, San Antonio, for appellant.

Jessica A. Gonzalez, Asst. Dist. Atty., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION, Justice, REBECCA SIMMONS, Justice.

## MEMORANDUM OPINION

Opinion by SANDEE BRYAN MARION, Justice.

This is an appeal from a post-conviction DNA hearing. In 1992, defendant, Timo Rose, was sentenced to ninety-nine years in prison following conviction on three counts of aggravated sexual assault. *See Rose v. State,* No. 04–92–00689–CR (Tex. App.-San Antonio May 26, 1993, no pet.). In 2002, defendant applied for DNA testing pursuant to Texas Code of Criminal Procedure chapter 64 and the trial court ordered the testing. In July 2005, the trial court held a hearing and determined that the results did not demonstrate a reasonable probability that the defendant would not have been convicted had the test results been available to him at his 1992 trial. On appeal, defendant asserts reversible error occurred because the judge conducted the hearing in his absence. We affirm.

## DISCUSSION

"After examining the results of testing under Article 64.03, the convicting court shall hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted." TEX.CODE CRIM. PROC. ANN. art. 64.04. Here, defendant successfully petitioned the trial court to order DNA testing ten years after his conviction. The trial court received and considered the results of the tests, in the presence of the State and defendant's counsel, at an article 64.04 hearing. Following the hearing, the trial court determined that, even if the results had been available during the trial of the offense, it was reasonably probable that defendant would have been convicted. Defendant asserts he was not present at the hearing, and, accordingly, his due process right to confront witnesses was violated.

Nothing in Chapter 64 provides for the defendant's presence at any post-conviction DNA proceeding, and nothing in the United States or Texas Constitutions demands a defendant's presence at such a proceeding. *Mearis v. State,* 120 S.W.3d 20, 24 (Tex. App–San Antonio 2003, pet. ref'd). A hearing on post-conviction DNA testing is a collateral attack on a judgment comparable to a habeas corpus proceeding. *Id.* at 25; *Cravin v. State,* 95 S.W.3d 506, 510 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd). A habeas corpus proceeding, unlike a criminal trial, is an independent proceeding that makes an inquiry into the validity of the conviction only after the defendant has failed to secure relief through direct review of his conviction. *Mearis* at 25; *see Ex parte Mines,* 26 S.W.3d 910, 914 (Tex.Crim.App.2000). A defendant does not enjoy a constitutional right to be present at a post-conviction writ of habeas corpus hearing. *Mines,* 26 S.W.3d at 914. Similarly, a post-conviction DNA proceeding does not invoke a constitutional right to be present at a hearing held pursuant to Chapter 64. *Booker v. State,* 155 S.W.3d 259, 266 (Tex.App.-Dallas 2004, no pet.) (holding no right to testify exists because there is no right to be present at hearing). Because defendant did not have the right to be present at the article 64.04 hearing, his due process rights were not violated.

## CONCLUSION

We overrule defendant's issue on appeal and affirm the trial court's judgment.