**Opinion issued February 11, 2021**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00751-CR

———————————

## EX PARTE JOHN JON NICHOLSON, Appellant

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1666868**

---

## MEMORANDUM OPINION

Appellant, John Jon Nicholson, proceeding pro se, challenges the trial court's

purported denials of his applications for writ of habeas corpus.

We dismiss the appeal for lack of jurisdiction.

## Background

A Harris County Grand Jury issued a true bill of indictment, alleging that appellant, on or about March 3, 2020, "did then and there unlawfully, appropriate by acquiring and exercising control over property, namely, an automobile, owned by John Daniels, hereinafter called the [c]omplainant, of the value of at least thirty thousand dollars and less than one hundred fifty thousand dollars, with the intent to deprive the [c]omplainant of the property."[1]

On July 19, 2020, appellant filed[2] an application for writ of habeas corpus ("first application for writ of habeas corpus") in the trial court, asserting that he was being "unlawfully held on a [p]arole [h]old in the Harris County [j]ail" in violation of his constitutional rights. Appellant requested that the trial court hold a hearing on his application and grant him relief at the conclusion of the hearing. At the top of appellant's application is a hand-written notation stating, "Denied," and the trial court's signature. It is date stamped July 27, 2020.

On August 31, 2020, appellant filed[3] an application for writ of habeas corpus ("second application for writ of habeas corpus") in the trial court, asserting that he

---

[1] *See* TEX. PENAL CODE ANN. § 31.03 ("Theft").

[2] *See Castillo v. State*, 369 S.W.3d 196, 199 n.14 (Tex. Crim. App. 2012) ("[T]he prisoner mailbox rule[] . . . deems the pleadings of a *pro se* inmate filed at the time they are delivered to prison authorities for forwarding to the court clerk." (internal quotations omitted)).

[3] *See id.*

was being "unlawfully [d]etained on a [p]arole [h]old . . . in the Harris County [j]ail" because of "[a] [d]elay of [i]ndictment" in violation of Texas Code of Criminal Procedure article 32.01[4] and his constitutional rights. Appellant requested that the trial court hold a hearing on his application, dismiss the charge against him, and release him from the Harris County jail. At the top of appellant's application is a hand-written notation stating, "Denied," and the trial court's signature. It is date stamped September 4, 2020.

On August 31, 2020, appellant filed[5] another application for writ of habeas corpus ("third application for writ of habeas corpus") in the trial court, again asserting that he was being "unlawfully [d]etained on a [p]arole [h]old . . . in the Harris County [j]ail" in violation of Texas Code of Criminal Procedure article 32.01[6] and his constitutional rights. Appellant requested that the trial court hold a hearing on his application, dismiss the charge against him, and release him from the Harris County jail. At the top of appellant's application is a hand-written notation stating, "Def[andant] is out on [b]ond." There is no signature from the trial court, but the document is date stamped September 11, 2020.

---

[4] *See* TEX. CODE CRIM. PROC. ANN. art. 32.01 ("Defendant in Custody and No Indictment Presented").

[5] *See Castillo*, 369 S.W.3d at 199 n.14.

[6] *See* TEX. CODE CRIM. PROC. ANN. art. 32.01.

The trial court did not hold a hearing on any of appellant's applications for writ of habeas corpus. On September 6, 2020, appellant filed[7] a notice of appeal of the trial court's purported rulings on his applications for writ of habeas corpus.[8]

## Notice of Appeal

We cannot exercise jurisdiction over an appeal without a timely filed notice of appeal. *See* TEX. R. APP. P. 26.2(a); *see also Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Generally, a defendant's notice of appeal is timely if it is filed within thirty days after the date sentence is imposed or suspended in open court or the trial court signs an appealable order. TEX. R. APP. P. 26.2(a)(1); *see also Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002); *Ex parte Matthews*, 452 S.W.3d 8, 10–11 (Tex. App.—San Antonio 2014, no pet.); *see also Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005) ("The denial of relief on a pretrial writ of habeas corpus may be appealed immediately . . . ."). Here, appellant's first application for writ of habeas corpus contains a hand-written notation stating, "Denied," and the trial court's signature at the top of the application's first page. It is date stamped July 27,

---

[7] *See Castillo*, 369 S.W.3d at 199 n.14.

[8] In his notice of appeal, appellant states that he seeks to appeal the trial court's ruling on "the [w]rit of [h]abeas [c]orpus submitted to both the 179[th] Criminal Court and [the] Harris County District Court . . . on August 31, 2020." But the appellate record contains three applications for writ of habeas corpus filed by appellant in the trial court. For purposes of this appeal, we will presume that appellant is attempting to appeal the trial court's purported rulings on all three habeas applications.

2020. Thus, appellant's notice of appeal was due no later than August 26, 2020. *See* TEX. R. APP. P. 26.2(a)(1); *Olivo*, 918 S.W.2d at 522. Appellant's notice of appeal was filed after August 26, 2020. *See Castillo*, 369 S.W.3d at 199 n.14 (prisoner mailbox rule).

The time for filing a notice of appeal can be extended only if, within fifteen days of the deadline for filing the notice of appeal, a defendant files the notice of appeal in the trial court and a motion for extension of time that complies with Texas Rule of Appellate Procedure 10.5(b) in the appellate court. *See* TEX. R. APP. P. 10.5(b), 26.3; *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). Appellant did not file a motion for extension of time to file his notice of appeal related to his first application for writ of habeas corpus. When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period after the notice-of-appeal deadline, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction. *Olivo*, 918 S.W.2d at 523. We cannot imply a motion for extension of time. *Lair*, 321 S.W.3d at 159.

Because appellant did not file a timely notice of appeal related to his first application for writ of habeas corpus, we hold that we do not have jurisdiction over

5

his appeal, and we must dismiss this portion of his appeal for lack of jurisdiction.[9]

*See id.*

## Whether Trial Court Reached Merits

There is no right of appeal from a refusal to issue a writ of habeas corpus when the trial court did not consider and resolve the merits of a defendant's application. *See Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991); *Ex parte Gonzales*, 12 S.W.3d 913, 914 (Tex. App.—Austin 2000, pet. ref'd). We must therefore examine whether the trial court considered and resolved the merits of appellant's habeas applications. *See Ex parte Gonzales*, 12 S.W.3d at 914 ("If the trial court reaches the merits of the habeas corpus application, its ruling is appealable even if it comes in the form of an order refusing to issue the writ."); *see also In re R.G.*, 388 S.W.3d 820, 822 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("[W]hen a hearing is held on the merits of an applicant's [habeas] claim and the court subsequently rules on the merits of that claim, the losing party may appeal." (internal quotations omitted)). We review the entire appellate record to make this determination. *See Ex parte Bowers*, 36 S.W.3d 926, 926–27 (Tex. App.—Dallas 2001, pet. ref'd) (court lacked jurisdiction over appeal from trial court's refusal to grant application for writ of habeas corpus where neither trial court's order—nor

---

[9] Even if appellant had timely filed a notice of appeal of the trial court's purported ruling on his first application for writ of habeas, we still would not have jurisdiction over his appeal for the reasons discussed below. *See infra.*

anything else in record—reflected that trial court considered merits of defendant's application).

In *Purchase v. State*, 176 S.W.3d 406 (Tex. App.—Houston [1st Dist.] 2004, no pet.), this Court concluded that the trial court did not reach the merits of the defendant's application for writ of habeas corpus where the trial court (1) denied the writ without hearing evidence or argument regarding the defendant's claims and (2) did not express an opinion on the merits of the defendant's claims. *Id.* at 407; *see also Ex parte Campos*, No. 14-17-00492-CR, 2017 WL 4797839, at *1–2 (Tex. App.—Houston [14th Dist.] Oct. 24, 2017, no pet.) (defendant appealed trial court's denial of habeas application; appellate court held it lacked jurisdiction to consider appeal where "[t]he record . . . [did] not establish that the trial court ruled on the underlying merits of [defendant's] writ application").

Here, appellant filed his second and third applications for writ of habeas corpus on August 31, 2020, but the record does not show that the trial court reached the merits of either habeas application. The record does not show that a hearing took place on either application or that the trial court heard evidence or argument addressing appellant's claims. And the record does not show that the trial court considered or resolved the merits of appellant's applications. Instead, appellant's second application for writ of habeas corpus contains only a hand-written notation

7

at the top of the first page stating, "Denied."[10]  Simply noting "[d]enied" on the top of the first page of appellant's second application for writ of habeas corpus does not establish that the trial court considered the merits of the application.  *See Purchase*, 176 S.W.3d at 407 (when record reveals trial court "denied" application for writ of habeas corpus without hearing evidence or argument regarding defendant's claims, and without expressing opinion on merits of those claims, trial court does not resolve merits of habeas application and appellate court lacks jurisdiction (internal quotations omitted)); *see, e.g.*, *Ex parte Lewis*, No. 14-16-00629-CR, 2017 WL 6559647, at *1–2 (Tex. App.—Houston [14th Dist.] Dec. 21, 2017, pet. ref'd) (mem. op., not designated for publication) (trial court's checking of box stating, "Orders Relief Denied," did not show it reached merits of defendant's habeas application); *Ex parte Campos*, 2017 WL 4797839, at *1–2 (trial court's handwritten "denied" notation did not show it resolved merits of defendant's habeas application (internal quotations omitted)); *Ex parte Herod*, No. 01-15-00494-CR, 2016 WL 1470079, at *4 (Tex. App.—Houston [1st Dist.] Apr. 14, 2016, no pet.) (mem. op., not designated for publication) (when trial court summarily denies habeas application

_____

[10]  In his second application for writ of habeas corpus, appellant requested multiple actions by the trial court, including that the trial court hold a hearing on his application, dismiss the charge against him, and release him from the Harris County jail.  The denial of a request for a hearing on an application for writ of habeas corpus is not an appealable order.  *See Ex parte Johnson*, 561 S.W.2d 841, 842 (Tex. Crim. App. 1978).

without hearing it does not resolve merits and appellate court lacks jurisdiction). Further, appellant's third application for writ of habeas corpus only includes a hand-written notation at the top of the first page stating, "Def[andant] is out on [b]ond."[11]  This is not a ruling on appellant's third application for writ of habeas corpus.

Nothing in the record establishes that the trial court expressly ruled on the merits of appellant's second and third applications for writ of habeas corpus or that the notations on either application resolved the merits of appellant's habeas applications.  *See Ex parte Miller*, 931 S.W.2d 724, 725 (Tex. App.—Austin 1996, no pet.) (trial court must expressly rule on merits of habeas application).  Thus, we hold that we do not have jurisdiction over appellant's appeal related to his second and third applications for writ of habeas corpus, and we must dismiss the remaining portions of appellant's appeal.[12]

---

[11]     In his third application for writ of habeas corpus, appellant requested multiple actions by the trial court, including that the trial court hold a hearing on his application, dismiss the charge against him, and release him from the Harris County jail.  The denial of a request for a hearing on an application for writ of habeas corpus is not an appealable order.  *See id.*

[12]     We also note that appellant has appointed trial counsel.  A criminal defendant is not entitled to hybrid representation.  *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995); *Rudd v. State*, 616 S.W.2d 623, 625 (Tex. Crim. App. 1981).  Although appellant filed a pro se motion for hybrid representation in the trial court, the trial court is free disregard any pro se motion presented by a defendant who is represented by counsel.  *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007).  Because the trial court has not granted appellant's motion for hybrid representation and appellant is not entitled to hybrid representation, his pro se appeal from the trial court's purported denials of his habeas applications presents "nothing"

9

## Conclusion

We dismiss the appeal for lack of jurisdiction.[13]

Julie Countiss
Justice

Panel consists of Justices Hightower, Countiss, and Farris.

Do not publish. Tex. R. App. P. 47.2(b).

---

for our review. *See Patrick*, 906 S.W.2d at 498; *see also In re Scott*, No. 01-20-00793-CR, 2020 WL 7062319, at *1 (Tex. App.—Houston [1st Dist.] Dec. 3, 2020, orig. proceeding) (mem. op., not designated for publication) (defendant not entitled to hybrid representation in trial court or in appellate court and pro se filing in appellate court presented "nothing for this Court to review"). His appeal must be dismissed.

[13] Appellant was notified that his appeal was subject to dismissal for lack of jurisdiction.