

## Fourth Court of Appeals
### San Antonio, Texas

## OPINION

No. 04-22-00473-CR

**EX PARTE** Carlos Ulin **GARCIA**

From the County Court, Kinney County, Texas
Trial Court No. 10297CR
Honorable Dennis Powell, Judge Presiding

Opinion by:      Irene Rios, Justice

Sitting en banc:  Rebeca C. Martinez, Chief Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: November 22, 2023

DISMISSED FOR WANT OF JURISDICTION; PETITION FOR WRIT OF MANDAMUS
DENIED

As part of Operation Lone Star, Carlos Ulin Garcia, a noncitizen, was arrested for
trespassing on private property in Kinney County. Garcia filed an application for writ of habeas
corpus seeking dismissal of his criminal charge. The trial court denied his requested relief. Garcia
appealed and further requested, in the event we determine we lack jurisdiction over his appeal, that
we consider his appeal as a petition for writ of mandamus. Because we lack jurisdiction to consider
Garcia's habeas appeal and because Garcia requested, in the alternative, for this court to construe
his appeal as a mandamus petition, we construe his arguments as a petition for writ of mandamus
and conclude he is not entitled to relief.

## BACKGROUND

As part of Operation Lone State ("OLS")—a state initiative devoted to deterring unauthorized border crossings—Garcia was arrested and charged with criminal trespass. *See* TEX. PENAL CODE ANN. § 30.05(a). He was appointed counsel on September 17, 2021, and alleges he was released on personal bond. On June 6, 2022, the trial court issued a notice of setting for a pretrial hearing on June 27, 2022, and for a jury trial on August 8, 2022. The notice states: "Failure to appear may result in a Bond Forfeiture and a Warrant of Arrest."

Garcia alleges that after he was released on bond, the United States government removed him from this country.

Through counsel, Garcia filed a pretrial application for writ of habeas corpus, seeking dismissal of the charges against him for purported violations of his right to due process and his right to counsel under the Fifth and Sixth Amendments to the Constitution. *See* U.S. CONST. amends. V, VI.[1] He argued the State coordinated his removal with the federal government, leaving him unable to return to the United States for his trial and thereby violating these rights.

In a hearing addressing several similarly situated defendants, including Garcia, the trial court considered the arguments of defense counsel and the State in determining whether to grant the writs requested by the defendants. The trial court did not grant Garcia's writ, but instead denied his habeas application, finding it was "manifest from the Application for Pretrial Writ of Habeas Corpus itself that [Garcia was] not entitled to the relief requested[.]"

---

[1] Appellant also asserted claims under article I, sections 10 and 19 and article V, section 1 of the Texas Constitution; however, he did not separately argue his state and federal constitutional claims or argue that the Texas Constitution provides different or broader protections than the United States Constitution. Therefore, we address appellant's claims solely on federal constitutional grounds. *See Bohannan v. State*, 546 S.W.3d 166, 179 n.7 (Tex. Crim. App. 2017); *Jackson v. State*, 992 S.W.2d 469, 475 n.8 (Tex. Crim. App. 1999).

On appeal, Garcia originally asserted the same issues he presented to the trial court in his habeas application: while released on bond after his arrest, his subsequent removal from the United States prevented his appearance at certain pretrial hearings and his jury trial, and therefore violated his due process rights and his right to counsel. However, following this court's decision in *Ex parte Dominguez Ortiz*, 668 S.W.3d 126 (Tex. App.—San Antonio 2023, no pet.) (en banc) (op. on reh'g), Garcia filed a supplemental appellate brief,[2] abandoning his claims explicitly precluded by *Dominguez Ortiz* and requesting "a new form of relief and address[ing] a difference in procedural posture than the one existent in *Ex parte* [*Dominguez*] *Ortiz*."

Specifically, Garcia raised the following new issue:

> Whether it is manifest on the face of [Garcia]'s application for habeas corpus that he is entitled to no relief as a matter of law without the issuance of his writ to develop his claim when he alleges his right to compel trial has been violated due to his removal from and his inability to enter the country?

Based on this new issue, Garcia requests a remand for a hearing to develop the merits of his habeas application. In the alternative, Garcia requests that, in the event this court does not order his case remanded, we construe his appeal as a petition for a writ of mandamus.

## JURISDICTION

First, we must consider whether we have jurisdiction over this appeal. *See Ex parte Villanueva*, 252 S.W.3d 391, 393–94 (Tex. Crim. App. 2008); *Ex parte Pool*, 71 S.W.3d 462, 465 (Tex. App.—Tyler 2002, no pet.); *see also Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009) ("Courts always have jurisdiction to determine their own jurisdiction.") (internal quotations omitted).

---

[2] We note the State initially objected to Garcia's supplemental briefing, however, by order of this court on January 25, 2023, Garcia's request to file his supplemental brief was granted. Pursuant to the same order, we accepted Garcia's supplemental brief as well as the State's supplemented response to Garcia's supplemental brief as filed.

*A. Applicable Law*

Pretrial habeas corpus proceedings are separate criminal actions from criminal prosecutions. *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005). "The appealability of a habeas proceeding turns not upon the nature of the claim advanced but upon the use of the procedure itself and the trial court's decision to consider the claim (i.e. 'issue the writ')." *Id.* at 650. "If the record shows that the trial court heard evidence and addressed the merits, the result is appealable." *Ex parte Sifuentes*, 639 S.W.3d 842, 846 (Tex. App.—San Antonio 2022, pet. ref'd) (citing *Nichlos v. State*, 255 S.W.2d 522, 526 (Tex. Crim. App. 1952) (op. on reh'g)). This is true even if the trial court does not formally issue the writ because, in reaching the merits of the habeas application, the trial court, in effect, issues the writ. *Villanueva*, 252 S.W.3d at 395. When a trial judge refuses, however, to issue a writ or denies an applicant a hearing on the merits of his or her claims, there is no right to appeal. *Id.* at 394; *see also Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991), *superseded in part by statute as discussed in Villanueva*, 252 S.W.3d at 397.

To determine whether the trial court ruled on the merits of a habeas application—thereby rendering the order appealable—we may review the entire record. *See Ex parte Bowers*, 36 S.W.3d 926, 927 (Tex. App.—Dallas 2001, pet. ref'd); *see also Hargett*, 819 S.W.2d at 868. In *Bowers*, the reviewing court dismissed the appeal because nothing in the order or the record reflected that the trial court considered the merits of the writ application. *See id*. Another reviewing court dismissed an appeal when, after examining the record, it revealed the trial court denied the writ "without hearing evidence or argument regarding appellant's claims, and without expressing an opinion on the merits of those claims." *Purchase v. State*, 176 S.W.3d 406, 407 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

Even when a trial court conducts a hearing, appellate review is not automatic. *See Villanueva*, 252 S.W.3d at 393–94; *Hargett*, 819 S.W.2d at 868. Specifically, "a hearing held to determine whether a writ should issue or whether the merits of claims should be addressed is not the same as one that is held to resolve the merits of an applicant's allegations." *Villanueva*, 252 S.W.3d at 394 (citing *Hargett*, 819 S.W.2d at 868).

*B. Application*

In this case, it is undisputed the trial court did not issue the writ and found, in denying Garcia's habeas application, that it was "manifest" from the application that Garcia was not entitled to the relief he requested. Nonetheless, the trial court conducted a hearing concerning Garcia and several similarly situated defendants. Thus, we must evaluate the entire record to determine whether the trial court's decision was in fact a denial on the merits. *See Villanueva*, 252 S.W.3d at 393–94.

In making this determination, the trial court's order and its statements explaining the purpose of the hearing provide guidance. Particularly, the trial court specified it would conduct the hearing differently than if it were conducting a hearing on the merits. The trial court stated at the hearing, "We're not arguing facts. The facts would be argued—if I grant the writ, then we have a hearing on the merits. So[,] the State doesn't have [the] liberty of arguing, [w]ell, we don't think some of that's true. We would decide that at a hearing on the merits." Additionally, the trial court unequivocally stated, "[T]his hearing is not a hearing on the writ, on the merits, . . . but whether or not to grant the writ and set it for a hearing on the merits or whether to simply deny it under 11.15 language." *See* TEX. CODE CRIM. PROC. ANN. art. 11.15 (directing that a trial court is not required to issue the writ if it is "manifest from the application itself, or some documents annexed to it, that the applicant is not entitled to any relief").

The State agreed, explaining at the hearing it understood the purpose of the hearing was to address one of the actions a trial court can take when faced with a pretrial application for a writ of habeas corpus, that is, to hold "a hearing limited to the question of whether to issue the writ as a threshold matter." While the defense did not agree with the State that Garcia was not entitled to any relief, the defense did not dispute that the purpose of the trial court's hearing was to determine whether it would grant Garcia's writ and set the habeas application for a hearing on the merits.

Consequently, we conclude the record is devoid of any indication the trial court heard any evidence or argument regarding Garcia's specific habeas claims, and the trial court expressed no opinion on the merits of his claims. *See Purchase*, 176 S.W.3d at 407. Because the trial court did not rule on the merits when denying Garcia's habeas application, we lack appellate jurisdiction to review Garcia's appeal. *See Villanueva*, 252 S.W.3d at 394.

### REQUEST TO CONVERT HABEAS APPEAL INTO MANDAMUS PETITION

As stated above, Garcia requests that if we determine the trial court's order is not appealable and do not remand the appeal for a hearing to develop his case based on the new issue presented in his supplemental brief, we convert his appeal to a mandamus petition. Importantly, when a trial court refuses to issue a writ or denies an applicant a hearing on the merits of the habeas claims, "the applicant has two remedies: first, to present the application to another trial judge with jurisdiction; or second, to file an application for a writ of mandamus." *Villanueva*, 252 S.W.3d at 394 (citing *Hargett*, 819 S.W.2d at 868).

*A. Applicable Law*

1. Conversion of Appeal to Mandamus Petition

In certain circumstances, we may treat an appeal as a petition for a writ of mandamus. *See Hodge v. Kraft*, 490 S.W.3d 510, 516 n.2 (Tex. App.—San Antonio 2015, no pet.) (citing *CMH Homes v. Perez*, 340 S.W.3d 444, 452–53 (Tex. 2011)). "However, to do so, the party seeking

appellate review must specifically request that its appeal be treated as a mandamus petition." *Id.* (citing *CMH Homes*, 340 S.W.3d at 452); *see also In re R.G.*, 388 S.W.3d 820, 822–23 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (converting a habeas appeal into a petition for a writ of mandamus upon request of the applicant after the reviewing court determined it lacked appellate jurisdiction to review the habeas appeal). As stated above, Garcia specifically requested his habeas appeal be converted to a petition for a writ of mandamus.

2. Mandamus Standard

The following standard governs mandamus relief in criminal law matters:

> The traditional test for determining whether mandamus relief is appropriate requires the relator to establish two things. First, he must show that he has no adequate remedy at law to redress his alleged harm. Second, he must show that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. If the relator fails to satisfy either aspect of this two-part test, then relief should be denied. As to the latter requirement, we have said that it is satisfied if the relator can show he has a *clear* right to the relief sought—that is to say, when the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.

*State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (internal citations, footnotes, and quotations omitted).

We review Garcia's claims applying this standard.

B. *Application*

1. Garcia's arguments contained in his original appellate brief

Garcia originally claimed his release from jail on bond and subsequent removal from the United States prevented his appearance at certain pretrial hearings and his jury trial thereby violating his due process rights and his right to counsel. We addressed identical claims in *Dominguez Ortiz* and concluded the Fifth and Sixth Amendment claims are not cognizable by pretrial writ of habeas corpus. *See Dominguez Ortiz*, 668 S.W.3d at 134–40. Therefore, even

viewing Garcia's claims under the mandamus standard set forth above, Garcia cannot show a clear right to pretrial relief. *See State ex rel. Young*, 236 S.W.3d at 210.

2. Garcia's new argument as presented in his supplemental brief

Our review of the trial court's order denying habeas relief is limited to issues properly raised and addressed before the trial court. *See Ex parte Campozano*, 610 S.W.3d 572, 581 (Tex. App.—Dallas 2020, pet. ref'd); *Ex parte Perez*, 536 S.W.3d 877, 880–81 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Ex parte Bolivar*, 386 S.W.3d 338, 345 (Tex. App.—Corpus Christi– Edinburg 2012, no pet.). In the trial court, Garcia failed to raise the issue he now presents—his right to compel trial. Thus, Garcia cannot show a clear right to mandamus relief when he has not presented the request to the trial court. *See State ex rel. Young*, 236 S.W.3d at 210.

Nonetheless, while Garcia did not use the term "speedy trial," we construe Garcia's mandamus issue as raising a speedy trial complaint.

3. Garcia's speedy trial argument

In his last issue, Garcia originally contended the Sixth Amendment prohibits the State from subjecting him to criminal charges that will remain "pending indefinitely" because of his removal from the United States and inability to legally re-enter the country to appear for trial. *See* U.S. CONST. amend. VI. Arguing the State has been "systematically using removal to prevent access to trials" against Garcia and other OLS defendants, Garcia claims the State's actions violate his right to a speedy trial. Moreover, Garcia's new issue can be construed as a complaint that his right to a speedy trial has been violated.

In the State's response, it argues that Garcia did not raise a speedy trial complaint in the trial court. The State points out that Garcia did not file a motion to dismiss[3] based on speedy trial

---

[3] We note Garcia did file a motion to dismiss in the trial court on June 20, 2022. However, Garcia argued the same grounds in his motion to dismiss as he argued in his application for writ of habeas corpus.

grounds. Moreover, the State also adds that speedy trial complaints are not cognizable in habeas proceedings nor can mandamus relief be extended to speedy trial complaints.

In *Ex parte Sheffield*, the Texas Court of Criminal Appeals addressed these issues directly. No. PD-1102-20, 2023 WL 4092747 (Tex. Crim. App. June 21, 2023). First, the court reaffirmed that speedy trial complaints are not cognizable in pretrial habeas corpus applications. *Id*. at *10, 12. Additionally, the court explained that generally, the remedy for a violation of a defendant's constitutional right to a speedy trial begins with a defendant's motion to dismiss. *Id*. If the motion is denied, the defendant has an adequate remedy by appeal if convicted, precluding mandamus relief. *Id.*; *see also Smith v. Gohmert*, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998). However, the court also recognized situations wherein trial and appellate review can be "indefinitely postponed." *Sheffield*, 2023 WL 4092747, at *9–10, 12. Under that scenario, the court stated, "[V]indication of the [defendant's] speedy trial right should be had via petition for writ of mandamus," after the defendant has filed a motion to dismiss. *Id*. at *1, 12.

Because the relief sought is premature—as Garcia has not requested relief from the trial court by presenting a motion to dismiss based on his right to a speedy trial—we deny Garcia mandamus relief. *See id.*; *see also State ex rel. Young*, 236 S.W.3d at 210.

### CONCLUSION

Because the trial court's denial of Garcia's habeas application was not based on the merits, we lack jurisdiction to review Garcia's habeas appeal. At Garcia's request and after determining we lack jurisdiction, we converted his appeal to a petition for writ of mandamus. For the reasons stated above, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

Irene Rios, Justice

PUBLISH