**Samuel R. PURCHASE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–04–00747–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 14, 2004.

Samuel Reben Purchase, Seabrook, pro se.

Dan McCrory, Asst. Dist. Atty., Houston, for appellee.

Panel consists of Justices NUCHIA, HANKS, and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

Appellant, Samuel R. Purchase, appeals the denial of his application for a post-conviction writ of habeas corpus. According to appellant's application, he was convicted of the felony offense of theft and placed on community supervision for four years. In both of his applications to the trial court and in his appeal to this court, appellant bases his right to relief on Code of Criminal Procedure article 11.01 and Texas Constitution article V, section 8. *See* TEX.CODE CRIM. PROC. ANN. art. 11.01 (Vernon 1977); TEX. CONST. art. V, § 8.

In its brief, the State contends that this appeal should be dismissed because we lack jurisdiction. We agree.

There is no right of appeal from a refusal to issue the writ of habeas corpus when the trial court did not consider and resolve the merits of the petition. *See Ex parte Okere,* 56 S.W.3d 846, 850 (Tex.App.-Fort Worth 2001, pet ref'd); *Ex parte Gonzales,* 12 S.W.3d 913, 914 (Tex.App.-Austin 2000, pet. ref'd); *cf. Ex parte Hargett,* 819 S.W.2d 866, 869 (Tex.Crim.App.1991) (holding that if trial court reaches merits of habeas corpus application, its ruling is appealable even if trial court refused to issue writ). The crucial question to be answered is not whether the trial court issued the writ, but whether the court considered and resolved the merits of the petition. *See Okere,* 56 S.W.3d at 850; *Gonzales,* 12 S.W.3d at 914. An examination of the record in this appeal reveals that the trial court "denied" the writ without hearing evidence or argument regarding appellant's claims, and without expressing an opinion on the merits of those claims. Because the court did not consider and resolve the merits of appellant's habeas corpus application, we hold that we are without appellate jurisdiction. *See Gonzales,* 12 S.W.3d at 914.

Accordingly, we dismiss the appeal for lack of jurisdiction.