Opinion issued October 12, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00643-CR




EUGENE EDWARD BOLINGER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 11
Harris County, Texas
Trial Court Cause No. 0838257




MEMORANDUM OPINION
          Appellant, Eugene E. Bolinger, appeals the denial of his application for a post-conviction writ of habeas corpus. Appellant argues that Harris County Criminal
Court at Law Number 11 erred when it declined to take jurisdiction over his habeas
application. We dismiss the appeal for lack of jurisdiction. 
Background
          In cause number 882461, in the 174th District Court of Harris County, Texas,
appellant was convicted of the felony offense of driving while intoxicated (third
offense) and sentenced to 60 years’ confinement. In assessing punishment, the jury
found two enhancement allegations to be true, one of which was a 1985 misdemeanor
DWI conviction in Harris County Criminal Court at Law Number 11. 
          On December 7, 2004, appellant applied for a writ of habeas corpus in County
Criminal Court at Law Number 11, complaining that he was denied his right to a jury
trial in his 1985 conviction in that court. He further argued that he was restrained by
the 1985 conviction to the extent it subjected him to enhanced punishment in a
subsequent prosecution. Appellant based his right to habeas corpus relief on Articles
11.05 and 11.09 of the Texas Code of Criminal Procedure. Without hearing evidence
or argument regarding appellant’s claim, the County Criminal Court declined to take
jurisdiction over appellant’s application for writ of habeas corpus. Jurisdiction 
          There is no right of appeal from a refusal to issue a writ of habeas corpus when
the trial court did not consider and resolve the merits of the application. See Ex Parte
Hargett, 819 S.W.2d 866, 869 (Tex. Crim. App. 2004); Purchase v. State, 176
S.W.3d 406, 407 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d); Ex Parte Okere,
56 S.W.3d 846, 850 (Tex. App.—Fort Worth 2001, pet. ref’d). By contrast, if the
trial court reaches the merits of a habeas application, its ruling is appealable even if
the trial court refused to issue the writ. Ex Parte Hargett, 819 S.W.2d at 869. The
crucial question is, thus, not whether the trial court issued the writ, but whether the
court considered and resolved the merits of the petition.


 See id. at 868; see also
Purchase, 176 S.W.3d at 407; Okere, 56 S.W.3d at 850. 
          An examination of the record in this appeal reveals that the trial court declined
to take jurisdiction over the application for writ of habeas corpus without hearing
evidence or argument regarding appellant’s claims and without expressing an opinion
on the merits of those claims. Because the court did not consider and resolve the
merits of appellant’s habeas corpus application, we hold that appellant has no right
to appeal the trial court’s refusal to take jurisdiction over his application. 
          Accordingly, we dismiss the appeal for lack of jurisdiction. 

 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.4.