**Opinion issued August 30, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-10-00798-CR

————————————

**CHARLES H. FOWLER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 970505**

---

## MEMORANDUM OPINION

This appeal is from the district court's August 4, 2010 denial of appellant's

application for a writ of habeas corpus filed the previous day, August 3, 2010.[1] In

---

[1]     Fowler's underlying conviction was for a 2003 offense of theft, punishable
as a Class B misdemeanor based on a previous theft conviction. Fowler

his brief, appellant Charles H. Fowler states that no writ of habeas corpus ever issued. The clerk's record reveals that no evidentiary hearing was held and no argument was heard.

There is no right of appeal from the refusal to issue a writ of habeas corpus when the trial court did not consider and resolve the merits of the application. *See Purchase v. State*, 176 S.W.3d 406, 407 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The Clerk of this Court notified the parties that they had until September 30, 2011 to submit any additional briefing; thereafter, the appeal was subject to dismissal without further notice.

Fowler responded (1) that the State has not argued this Court lacks subject-matter jurisdiction and (2) that this proceeding is not an appeal from a habeas-corpus proceeding, but instead an appeal from the September 17, 2003 judgment of conviction because "[t]the trial court **merged** appellant's recent application for writ of habeas corpus INTO the substantive criminal case and then

plead guilty without an agreed recommendation, and the trial court assessed punishment at six months' confinement. Fowler claims his habeas-corpus application is governed by Code of Criminal Procedure article 11.07. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011). That article, however, provides procedure for postconviction felonies. The applicable procedural provision for postconviction misdemeanors is article 11.09. *See* TEX. CODE CRIM. PROC. ANN. art. 11.09 (West 2005); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005) (granting jurisdictional power to certain courts—including district court—to issue writ of habeas corpus); *State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433, 434 (Tex. Crim. App. 1987).

certified 'defendant's right of appeal,'" which Fowler claims "RESURRECTED" the original "criminal matter."[2]  Fowler contends the trial court abused its discretion in filing the application under the case number of the underlying conviction and states that the certification of defendant's right of appeal is "defective" because it incorrectly states he can now appeal his September 17, 2003 judgment of conviction.

Fowler correctly notes that the proper avenue for relief from the denial of applications for writs of habeas corpus is to file a petition for a writ of mandamus in the court of appeals.  *See Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991) (superseded by TEX. CODE CRIM. PROC. ANN. art. 11.072, §§ 4, 8 (West 2005) to extent that applicant seeks relief from order or judgment of conviction ordering community supervision).  His claims that the trial court and clerk are preventing him from pursuing mandamus relief must, therefore, be addressed in a mandamus proceeding, not this appeal.

---

[2]  Fowler is correct that the trial court signed a Texas Rule of Appellate Procedure 25.2(d) certification of defendant's right of appeal stating, "[T]his criminal case is not a plea-bargain case, and the defendant has the right of appeal."  We note that Fowler was not a "defendant" in the trial court, but was an "applicant."  *See* TEX. R. APP. P. 3.2 (defining terminology in criminal cases)

Notwithstanding the trial court case number that was assigned to his application for a writ of mandamus, we treat this case as an appeal of the denial of the application filed under Code of Criminal Procedure article 11.09. Following longstanding authority, we dismiss the appeal for want of jurisdiction. *See, e.g.*, *Purchase*, 176 S.W.3d at 407.

Jim Sharp
Justice

Panel consists of Justices Jennings, Sharp, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).