

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00289-CR

CLINTON POARCH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. W-2007-1059-1-1, Honorable James W. Anderson, Presiding

September 15, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Clinton Poarch filed a notice of appeal challenging the trial court's denial of his application for a writ of habeas corpus.[1] The State has filed a motion to dismiss the appeal asserting we lack appellate jurisdiction because the trial court did not

---

[1] In 2009 appellant plead guilty to a misdemeanor driving while intoxicated charge and was sentenced to three days' confinement in jail and a fine of $500. In 2014, appellant sought habeas relief from "confinement and restraint" allegedly resulting from his conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 11.09 (West 2005). According to appellant's writ application, he received ineffective assistance of counsel at trial. Because of his conviction his insurance premiums have increased and he was denied admission into post-graduate degree programs.

issue a writ of habeas corpus and there is no right of appeal from a court's refusal to issue the writ when it did not consider and resolve the merits of the application. *See, e.g., Purchase v. State,* 176 S.W.3d 406, 407 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Bolinger v. State,* No. 01-05-00643-CR, 2006 Tex. App. LEXIS 8831 (Tex. App.—Houston [1st Dist.] Oct. 12, 2006, no pet.) (mem. op., not designated for publication). The clerk's record contains an order in which the trial court states after reviewing the pleadings on file it denied the requested writ of habeas corpus and dismissed appellant's application. In apparent response to the State's motion to dismiss, appellant filed a motion for voluntary dismissal of the appeal. TEX. R. APP. P. 42.2(a).

Appellate rule 42.2(a) allows an appellant to seek voluntary dismissal of an appeal at any time before the appellate court's decision. TEX. R. APP. P. 42.2(a). In the present case, appellant's motion for dismissal is signed by appellant and his counsel as required by the rule.

As no decision of this court has been delivered, appellant's motion is granted and the appeal is dismissed. The motion of the State is dismissed as moot. No motion for rehearing will be entertained and our mandate will issue forthwith.

James T. Campbell
Justice

Do not publish.

2