

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-15-00042-CR

---

EX PARTE O.D. VAN DUREN

---

On Appeal from the County Court at Law, No. 1
Randall County, Texas
Trial Court No. W-1985-24,522-L-1, Honorable James W. Anderson, Presiding

---

March 3, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, O.D. Van Duren, filed a notice of appeal of the denial of his application for a post-conviction writ of habeas corpus.[1]  According to appellant's application, he was denied his constitutional right to counsel when he pled guilty to the misdemeanor offense of driving while intoxicated on December 12, 1985.  Further, appellant contends that he was convicted even though there was insufficient evidence to support his

---

[1] The trial court entered its order denying issuance of the writ and dismissing the proceeding on December 16, 2014.  Appellant filed his notice of appeal in the trial court on January 19, 2015.  This notice of appeal was untimely filed as the applicable deadline for its filing was January 15, 2015.  *See* TEX. R. APP. P. 26.2(a)(1).  On February 13, 2015, appellant filed with this Court a Motion to Extend Time to File Notice of Appeal.  However, nothing in this motion addresses the notice of appeal that was filed on January 19, 2015.  As such, we deny the motion.

conviction. The State filed a response to appellant's appeal contending that this appeal should be dismissed for lack of jurisdiction. We agree and will dismiss this appeal.

There is no right of appeal from a refusal to issue a writ of habeas corpus when the trial court did not consider and resolve the merits of the petition. *Purchase v. State*, 176 S.W.3d 406, 407 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Ex parte Bowers*, 36 S.W.3d 926, 927 (Tex. App.—Dallas 2001, pet. ref'd); *Ex parte Gonzales*, 12 S.W.3d 913, 914 (Tex. App.—Austin 2000, writ ref'd); *see Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991); *Ex parte Reese*, 666 S.W.2d 675, 677 (Tex. App.—Fort Worth 1984, writ ref'd). The key question in determining whether a habeas corpus proceeding is appealable is whether the trial court considered and resolved the merits of the petition. *Purchase*, 176 S.W.3d at 407; *see Ex parte Hargett*, 819 S.W.2d at 868; *Ex parte Bowers*, 36 S.W.2d at 927.

An examination of the record in this appeal reveals that the trial court denied the writ and dismissed the proceeding without hearing evidence or argument regarding appellant's claims, and without consideration of the merits of appellant's claims. Because the trial court did not consider and resolve the merits of appellant's habeas corpus application, we are without appellate jurisdiction. *Purchase*, 36 S.W.2d at 407; *Ex parte Bowers*, 36 S.W.3d at 927.

For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

Mackey K. Hancock
Justice

Do not publish.