

# NUMBERS 13-22-00120-CR, 13-22-00121-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## EX PARTE JOSE ANTONIO SANCHEZ-HERNANDEZ

---

### On appeal from the County Court at Law No. 2
### of Cameron County, Texas.

---

## DISSENTING MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Silva and Peña
### Dissenting Memorandum Opinion by Chief Justice Contreras

The majority concludes that the denial of appellant's habeas corpus application was not merits-based. The result of this ruling is that appellant is deprived of appellate review of the habeas court's decision, and he is deprived of the relief which all parties to the proceeding agree he is entitled to. Because the record establishes that the habeas court's ruling was merits-based, I would conclude that we have jurisdiction over the appeal. And in exercising that jurisdiction, I would further conclude that the trial court erred by denying the relief requested in appellant's application.

As the majority correctly notes, we lack jurisdiction over an appeal of a habeas corpus ruling which is not based on the merits of the application. *See Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008). To determine whether an order can be appealed, we review the order and the entire record. *See Ex parte Bowers*, 36 S.W.3d 926, 927 (Tex. App.—Dallas 2001, pet. ref'd) (examining whether an order denying an application for writ of habeas corpus was on the merits); *see also Ex parte Lee*, No. 11-18-00018-CR, 2018 WL 3151530, at *1 (Tex. App.—Eastland June 28, 2018, no pet.) (mem. op., not designated for publication) ("Although the trial court did not hold a hearing, it appears from the language of the order that the trial court ruled on the merits of Lee's claims."); *Purchase v. State*, 176 S.W.3d 406, 407 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (examining the record to determine if the trial court considered the merits); *Ex parte Okere*, 56 S.W.3d 846, 851 (Tex. App.—Fort Worth 2001, pet. ref'd) (same).

The case law does not define "on the merits," but Black's Law Dictionary defines "merits" as "[t]he elements or grounds of a claim or defense; the substantive considerations to be taken into account in deciding a case, as opposed to extraneous or technical points, esp[ecially] of procedure." *Merits*, BLACK'S LAW DICTIONARY (2d. ed. 2001). Usually, a ruling is described as "on the merits" to distinguish it from an order based on alleged jurisdictional defects. *See, e.g.*, *Thomas v. Long*, 207 S.W.3d 334, 339–340 (Tex. 2006) ("Because a trial court cannot reach the merits of a case without subject matter jurisdiction, a trial court that rules on the merits of an issue without explicitly rejecting an asserted jurisdictional attack has implicitly denied the jurisdictional challenge." (internal citation omitted)); *Hause v. LG Chem, Ltd.*, 658 S.W.3d 714, 731 (Tex. App.—El Paso 2022, pet. filed) (separating appellee's "jurisdictional arguments from

its arguments on the merits").

The term "on the merits" has a specialized meaning in the context of habeas corpus proceedings. This stems from the fact that "there is a distinction between the issuance of a writ of habeas corpus and the granting of relief on the claims set forth in an application for that writ." *Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991). The code of criminal procedure provides that "[t]he Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus; and it is their duty, upon proper motion, to grant the writ under the rules prescribed by law." TEX. CODE CRIM. PROC. ANN. art. 11.05. But the code also "prescribe[s] that the legality of particular restraints be determined only by certain courts, depending upon a variety of factors, including the grade of the offense charged, and the stage of the criminal proceedings. It has done this by fixing the county or court to which certain writs must be made returnable." *Ex parte Renier*, 734 S.W.2d 349, 356 (Tex. Crim. App. 1987) (Teague, J., dissenting). Only "[t]he court of return, not the issuing court, has authority to grant or deny relief under the writ." *Id.*

In *Ex parte Hargett*, the Texas Court of Criminal Appeals held that an order denying habeas relief was "on the merits" because the court "went beyond merely deciding not to issue the writ of habeas corpus." 819 S.W.2d at 869. It was "not a case where the district court simply refused to hear the application as presented." *Id.* It was not a case where "a judge refuses to issue the requested writ of habeas corpus or denies an applicant the requested hearing on the merits of his claim." *Id.* at 868. *Hargett* demonstrates that, in habeas proceedings, "on the merits" generally refers to a consideration of the substantive claims for relief made in the applicant's pleadings, as opposed to the preliminary

3

determination of whether to issue the writ in the first place.[1] *See id.*; *Ex parte Bowers*, 36 S.W.3d at 927 ("An applicant cannot appeal from a trial court's refusal to issue or grant a writ of habeas corpus, but may appeal the denial of relief on the merits of the application."); *see also Ex parte Tyler*, No. 2-02-267-CR, 2003 WL 300485, at *1 (Tex. App.—Fort Worth Feb. 13, 2003, no pet.) (mem. op., not designated for publication) ("Because the trial court's order indicates that the court examined the applicable law and applied it to Tyler's complaint, it appears the trial court denied the requested relief based on its merits, as opposed to denying the writ.").

In this case, it is undisputed that the habeas court was the proper "court of return" under the applicable law. *See* TEX. CODE CRIM. PROC. ANN. 11.09. Accordingly, it is not reasonable to construe the trial court's ruling as a disposition based on lack of jurisdiction to grant relief under the statute.[2]

---

[1] The applicant in *Hargett* was ordered to serve community supervision and filed his application pursuant to article V, § 8 of the Texas Constitution, which generally imbues district courts with "the power to issue writs necessary to enforce their jurisdiction." TEX. CONST. art. V, § 8. As recognized in *Ex parte Villanueva*, the Legislature since enacted code of criminal procedure article § 11.072, which specifically pertains to habeas proceedings in community supervision cases. *See Ex parte Villanueva*, 252 S.W.3d 391, 395 (Tex. Crim. App. 2008). Under article 11.072, a writ of habeas corpus "issues by operation of law" whenever an application is filed. *Id.* (quoting TEX. CODE CRIM. PROC. ANN. art. 11.072, § 4(a)). And article 11.072 specifically provides that an applicant "may appeal under Article 44.02 and Rule 31, Texas Code of Appellate Procedure" if the trial judge "denied the application in whole or in part." *Id.* (quoting TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8). Because the Legislature intended article 11.072 "to provide the exclusive means by which the district courts may exercise their original habeas jurisdiction" in community supervision cases, "the rule governing appellate review [set forth in *Hargett*] no longer applies" to such cases. *Id.* at 397. But this is not a community supervision case, and article 11.09 does not contain the same procedures as article 11.072. Therefore, *Hargett* remains applicable to this case.

[2] I disagree with the majority to the extent it bases its conclusion (i.e., that the habeas court's ruling was jurisdictional and therefore not "on the merits") on the fact that appellant's pleadings did not specifically allege that he was suffering collateral legal consequences from his 1992 misdemeanor conviction. As the majority notes, the appellant's confinement or restraint is a jurisdictional requirement in habeas cases. *See Ex parte Schmidt*, 109 S.W.3d 480, 481–83 (Tex. Crim. App. 2003). In this case, appellant's counsel explained to the habeas court that appellant was in the process of applying for a visa. But because the State completely acquiesced to all of appellant's requests, appellant was never called upon to produce evidence establishing this element of his habeas claim. And crucially, there is no reason for this Court to infer that the habeas court denied appellant's application on the jurisdictional basis that he failed to show he was suffering from collateral legal consequences.

4

Moreover, the habeas court held a hearing on appellant's application on February 9, 2022. Appellant was sworn in to testify at the beginning of the hearing. Appellant's counsel informed the court that he filed the application because appellant "is in the process of applying for a [v]isa." The prosecutor informed the court that "the State is not contesting these motions" and "we just have no reason to object to this filing and the request that they're making." The trial court stated she would take the matter under advisement. When appellant's counsel asked whether the court "want[ed] to hear from my client," the court replied, "No, that's fine." In its April 1, 2022 written order denying appellant's application, the court noted that the matter was heard and "the parties[] made their arguments," but it did not specify the reason for the denial. Nevertheless, the order explicitly stated that it is appealable. And the court certified appellant's right to appeal. *See* TEX. R. APP. P. 25.2(d).

Based on my review of the entire record and the order, I would conclude that the order was "on the merits" and that we have jurisdiction over the appeal.[3] In its brief on appeal, the State "asks this Court to find that the Appellant's pro se plea of guilty was involuntary due to the lack of an interpreter at the plea hearing, and to grant a new trial as requested by Appellant." Accordingly, in light of the parties' agreement, I would further conclude that the trial court erred in denying the requested relief.

In an appeal from the denial of a habeas corpus application, "[t]he sole purpose of

---

[3] A trial court's certification of a defendant's right to appeal cannot turn an otherwise non-appealable order into one that is appealable. *See Chavez v. State*, 183 S.W.3d 675, 679 (Tex. Crim. App. 2006) ("[The] Rules of Appellate Procedure do not establish appellate jurisdiction, but rather set out procedures which must be followed to invoke a court's jurisdiction over a particular appeal"); *see also Sarringar v. State*, No. 02-22-00070-CR, 2022 WL 2526941, at *2 (Tex. App.—Fort Worth July 7, 2022, no pet.) (mem. op., not designated for publication). However, the fact that the habeas court certified appellant's right to appeal in this case is an indication of the court's intent to dispose of the habeas application on its merits.

the appeal is to do substantial justice to the parties." TEX. R. APP. P. 31.2. Because the

majority's conclusion is contrary to this directive, I respectfully dissent.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
1st day of June, 2023.