

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00474-CR

**EX PARTE** Wilmar Geovani **SAMBRANO GUEVARA**

From the County Court, Kinney County, Texas
Trial Court No. 10373CR
Honorable Dennis Powell, Judge Presiding

Opinion by:     Beth Watkins, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Patricia O. Alvarez, Justice
                Beth Watkins, Justice

Delivered and Filed: January 3, 2024

DISMISSED FOR WANT OF JURISDICTION; PETITION FOR WRIT OF MANDAMUS
DENIED

Appellant, Wilmar Geovani Sambrano Guevara, appeals from the denial of his pretrial

application for writ of habeas corpus. Sambrano Guevara further requests, in the event we

determine we lack jurisdiction over his appeal, that we consider his appeal as a petition for writ of

mandamus. Because we lack jurisdiction over his habeas appeal, we dismiss Sambrano Guevara's

appeal for want of jurisdiction, consider his appeal as a mandamus petition, and conclude he is not

entitled to relief.

### BACKGROUND

Sambrano Guevara, a noncitizen, was arrested and charged with criminal trespass as part

of Operation Lone Star—a state initiative devoted to deterring unauthorized border crossings. *See*

TEX. PENAL CODE ANN. § 30.05(a). After his arrest, a magistrate found him indigent, and counsel

was appointed to represent him. He was released from custody on a personal bond on November 16, 2021.

Sambrano Guevara alleges that after he was released on bond, the United States government removed him from this country.

On June 6, 2022, the trial court issued a notice setting Sambrano Guevara's case for a pretrial hearing on June 27, 2022, and for a jury trial on August 8, 2022.

Through counsel, Sambrano Guevara filed a pretrial application for writ of habeas corpus, seeking dismissal of the charges against him for purported violations of his right to due process and his right to counsel under the Fifth and Sixth Amendments to the Constitution. *See* U.S. CONST. amends. V, VI.[1] He argued the State coordinated his removal with the federal government, leaving him unable to return to the United States for his trial and thereby violating these rights.

In a hearing addressing several similarly situated habeas applicants, including Sambrano Guevara, the trial court considered the arguments of the applicants' counsel and the State in determining whether to issue the writs requested by the applicants. The trial court did not, however, issue a writ in Sambrano Guevara's case, but instead denied his habeas application, finding it was "manifest from the Application for Pretrial Writ of Habeas Corpus itself that [Sambrano Guevara was] not entitled to the relief requested[.]"

On appeal, Sambrano Guevara originally asserted the same issues he presented to the trial court in his habeas application: while released on bond after his arrest, his subsequent removal from the United States prevented his appearance at certain pretrial hearings and his jury trial and

---

[1] Appellant also asserted claims under article I, sections 10 and 19 and article V, section 1 of the Texas Constitution; however, he did not separately argue his state and federal constitutional claims or argue that the Texas Constitution provides different or broader protections than the United States Constitution. Therefore, consistent with binding precedent, we address appellant's claims solely on federal constitutional grounds. *See Bohannan v. State*, 546 S.W.3d 166, 179 n.7 (Tex. Crim. App. 2017); *Jackson v. State*, 992 S.W.2d 469, 475 n.8 (Tex. Crim. App. 1999).

therefore violated his due process rights and his right to counsel. However, following this court's decision in *Ex parte Dominguez Ortiz*, 668 S.W.3d 126 (Tex. App.—San Antonio 2023, no pet.) (en banc) (op. on reh'g), Sambrano Guevara filed a supplemental brief,[2] abandoning his claims explicitly precluded by *Dominguez Ortiz* and requesting "a new form of relief and address[ing] a difference in procedural posture than the one existent in *Ex parte* [*Dominguez*] *Ortiz*."

Specifically, Sambrano Guevara raised the following new issue:

Whether it is manifest on the face of [Sambrano Guevara]'s application for habeas corpus that he is entitled to no relief as a matter of law without the issuance of his writ to develop his claim when he alleges his right to compel trial has been violated due to his removal from and his inability to enter the country?

Based on this new issue, Sambrano Guevara requests his case be remanded to allow him to develop his claim in a hearing on the merits of his habeas application. In the alternative, Sambrano Guevara requests that, in the event this court does not order his case remanded, we construe his appeal as a petition for a writ of mandamus.

## JURISDICTION

We must first determine whether we have jurisdiction over this appeal. *See Ex parte Villanueva*, 252 S.W.3d 391, 393–94 (Tex. Crim. App. 2008); *Ex parte Pool*, 71 S.W.3d 462, 465 (Tex. App.—Tyler 2002, no pet.).

### A. Applicable Law

A pretrial habeas corpus proceeding is a separate criminal action, distinct from the underlying criminal prosecution. *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005). Whether a trial court's disposition in a habeas proceeding may be appealed depends on whether the trial court considered and resolved the merits

---

[2] On January 25, 2023, we granted Sambrano Guevara's request to file a supplemental brief and accepted Sambrano Guevara's supplemental brief as well as the State's response thereto.

of the habeas application. *See id*. at 650; *Purchase v. State*, 176 S.W.3d 406, 407 (Tex. App.—Houston [1st Dist.] 2004, no pet.). If the trial court considers and rules on the merits of a habeas claim, the losing party may appeal, regardless of whether the court formally issued a writ. *See Villanueva*, 252 S.W.3d at 394, 395; *Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991), *superseded in part by statute as discussed in Villanueva*, 252 S.W.3d at 397; *Ex parte Sifuentes*, 639 S.W.3d 842, 846 (Tex. App.—San Antonio 2022, pet. ref'd) (citing *Nichlos v. State*, 255 S.W.2d 522, 526 (Tex. Crim. App. 1952) (op. on reh'g)). But if the trial court refuses to issue a writ or dismisses or denies a habeas application without ruling on the merits of the applicant's claim or claims, the applicant has no right to appeal. *See Villanueva*, 252 S.W.3d at 394; *Hargett*, 819 S.W.2d at 868; *Ex parte Garcia*, ___ S.W.3d ___, No. 04-22-00473-CR, 2023 WL 8102426, at *2–3 (Tex. App.—San Antonio Nov. 22, 2023, no pet. h.) (en banc).

We may review the entire record to determine whether the trial court ruled on the merits of a habeas application. *See Ex parte Bowers*, 36 S.W.3d 926, 927 (Tex. App.—Dallas 2001, pet. ref'd). Further, appellate review is not automatic even when the trial court conducts a hearing, because "a hearing held to determine whether a writ should issue or whether the merits of claims should be addressed is not the same as one that is held to resolve the merits of an applicant's allegations," and a losing party may only appeal when there is a ruling on the merits. *Villanueva*, 252 S.W.3d at 394 (citing *Hargett*, 819 S.W.2d at 868).

*B. Application*

In this case, it is undisputed that the trial court did not issue the writ. Further, although the trial court held a hearing concerning habeas applications filed by Sambrano Guevara and several similarly situated habeas applicants, the trial court stated, at the hearing, that it would conduct the hearing differently if it were conducting a hearing on the merits and specifically stated that the "hearing [was] not a hearing on the writ, on the merits, however you want to express that, but

whether or not to grant the writ and set it for a hearing on the merits or whether to simply deny it under 11.15 language." *See* TEX. CODE CRIM. PROC. ANN. art. 11.15 (directing that a trial court is not required to issue the writ if it is "manifest from the application itself, or some documents annexed to it, that the applicant is not entitled to any relief"). Finally, the trial court found, in denying Sambrano Guevara's habeas application, that it was "manifest" from the application that Sambrano Guevara was not entitled to the relief he requested.

Consequently, we conclude that neither the trial court's order nor anything else in the record reflects that the trial court considered or expressed an opinion on the merits of Sambrano Guevara's specific habeas claims. *See Garcia*, 2023 WL 8102426, at *3; *Purchase*, 176 S.W.3d at 407; *Bowers*, 36 S.W.3d at 927. Because our review of the entire record establishes that the trial court did not rule on the merits of Sambrano Guevara's habeas application, we lack jurisdiction to review his appeal. *See Villanueva*, 252 S.W.3d at 394; *Hargett*, 819 S.W.2d at 868; *Garcia*, 2023 WL 8102426, at *3.

### REQUEST TO TREAT HABEAS APPEAL AS A MANDAMUS PETITION

We may, in certain circumstances, treat an appeal as a petition for writ of mandamus, if specifically requested to do so by the appellant. *See CMH Homes v. Perez*, 340 S.W.3d 444, 452–53 (Tex. 2011); *Hodge v. Kraft*, 490 S.W.3d 510, 516 n.2 (Tex. App.—San Antonio 2015, no pet.). As stated above, Sambrano Guevara specifically requests that we construe his appeal as a mandamus petition if we determine the trial court's order is not appealable and do not remand for a hearing to develop his case based on the new issue presented in his supplemental brief. We will therefore consider Sambrano Guevara's appeal as a petition for writ of mandamus.

In *Ex parte Garcia*, we treated Garcia's appeal as a petition for writ of mandamus and considered whether Garcia was entitled to mandamus relief. 2023 WL 8102426, at *3–5. In his original appellate brief, Garcia argued that "his release from jail on bond and subsequent removal

from the United States prevented his appearance at certain pretrial hearings and his jury trial thereby violating his due process rights and his right to counsel." *Id*. at \*4. Garcia further argued, in a supplemental brief, that his right to compel trial had been violated by his removal from the country, and we construed Garcia's issue in his supplemental brief as an argument that his right to a speedy trial had been violated. *Id*. Relying on *Ex parte Dominguez Ortiz*, we determined that Garcia was not entitled to mandamus relief based on the arguments in his original brief. *Id*. (citing *Dominguez Ortiz*, 668 S.W.3d at 134–40). We further determined that because Garcia had failed to raise an issue regarding his right to compel trial in the trial court and had not requested relief from the trial court by presenting a motion to dismiss based on his right to a speedy trial, he was not entitled to mandamus relief based on the issue presented in his supplemental brief. *Id*. at \*4–5. We therefore denied Garcia's mandamus petition. *Id*. at \*5.

Sambrano Guevara's claims in this case are identical to those we addressed in *Ex parte Garcia*. Further, Sambrano Guevara, like Garcia, failed to raise an issue regarding his right to compel trial in the trial court and has not requested relief from the trial court by presenting a motion to dismiss based on his right to a speedy trial. Therefore, for the reasons described in *Ex parte Garcia*, we deny Sambrano Guevara's request for mandamus relief.

### CONCLUSION

Because the trial court's denial of Sambrano Guevara's habeas application was not based on the merits, we lack jurisdiction to review his habeas appeal. We therefore dismiss his appeal for want of jurisdiction and, at Sambrano Guevara's request, treat his appeal as a petition for writ of mandamus. Finally, for the reasons described in *Ex parte Garcia*, we deny Sambrano Guevara's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

Beth Watkins, Justice

DO NOT PUBLISH