**Opinion issued April 2, 2024**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

## NO. 01-23-00174-CR

———————————

## EX PARTE ANGEL EUGENE, Appellant

———————————

### On Appeal from the 339th District Court
### Harris County, Texas
### Trial Court Case No. 1805500

———————————

## MEMORANDUM OPINION

Appellant, Angel Eugene, challenges the trial court's February 24, 2023 order denying her "Second Amended Petition for Writ of Habeas Corpus."[1] In her habeas petition,[2] Eugene asserted that she had been "illegally confined and restrained in

---

[1]     *See* TEX. PEN. CODE ANN. § 25.07(a)(3)(A).

[2]     Appellant initially filed her "Petition for Writ of Habeas Corpus" on February 3, 2023. However, the appellate record reflects that she filed her "Second Amended

[her] liberty . . . by virtue of a Judgment of Contempt and Commitment Order" entered by the County Criminal Court at Law No. 16 on February 10, 2022.

However, on February 6, 2023, the County Criminal Court at Law No. 16 set aside, withdrew, and "dismissed by order of the court" the February 10, 2022 "Judgment of Contempt and Commitment Order." The trial court then held a hearing on Eugene's habeas application on February 24, 2023. During the hearing, the trial court noted that the underlying Judgment of Contempt and Commitment Order had been "dismissed and vacated." Accordingly, on February 24, 2023, the trial court executed a form order denying the relief requested in Eugene's habeas petition by checking a box that "Order[ed] Relief Denied." On February 28, 2023, Eugene filed a notice of appeal from the trial court's denial of her habeas petition.

We dismiss the appeal for lack of jurisdiction.

"Habeas corpus is an extraordinary remedy and is available only when there is no other adequate remedy at law." *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007). "The longstanding rule in Texas regarding habeas corpus is that where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *Bennet v.*

Petition for Writ of Habeas Corpus" on February 15, 2023. Appellant's notice of appeal states that she seeks to appeal the trial court's "denial of relief on [appellant's] Second Amended [Petition] for Writ of Habeas Corpus on February 24, 2023."

2

*State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no writ) (internal quotations omitted); *see also Ex parte Sifuentes*, 639 S.W.3d 842, 845 (Tex. App.—San Antonio 2022, pet. ref'd). "A court of appeals has no jurisdiction to decide moot controversies and issue advisory opinions." *Ex parte Huerta*, 582 S.W.3d 407, 411 (Tex. App.—Amarillo 2018, pet. ref'd).

Here, the basis of Eugene's habeas petition was the February 10, 2022 Judgment of Contempt and Commitment Order entered by the County Criminal Court at Law No. 16. In her habeas petition, Eugene argued that she was entitled to habeas relief because the February 10, 2022 judgment was "void" and "constitutionally deficient." Eugene therefore requested that her petition for habeas relief be granted and that she be "discharged."

However, as the trial court noted, the judgment of contempt which formed the basis of Eugene's habeas petition was set aside, withdrawn, and dismissed by the County Criminal Court at Law No. 16. Accordingly, Eugene's requested habeas relief has been mooted. *See Ex parte Knight*, 904 S.W.2d 722, 725 (Tex. App.—Houston [1st Dist.] 1995, writ ref'd) (appellant's application for writ of habeas corpus rendered moot where trial court dismissed case).

Although, in her habeas petition, Eugene argued that the order setting aside and dismissing the Judgment of Contempt and Commitment Order was "insufficient," because it was "by no means obvious that th[e] action had any legal

effect," Eugene's habeas petition provided no legal authority in support of her conclusory assertion, nor are we aware of any such authority. Because the cause against appellant was dismissed, "the premise of [Eugene's] habeas corpus application [was] destroyed . . . [and] the legal issues raised thereunder are moot." *See Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (internal quotations omitted).

We further note that there "is no right of appeal from a refusal to issue a writ of habeas corpus when the trial court did not consider and resolve the merits of a defendant's application." *Ex parte Nicholson*, No. 01-20-00751-CR, 2021 WL 497240, at *3 (Tex. App.—Houston [1st Dist.] Feb. 11, 2021, no pet.) (mem. op., not designated for publication). In *Purchase v. State*, 176 S.W.3d 406 (Tex. App.—Houston [1st Dist.] 2004, no pet.), this Court concluded that the trial court did not reach the merits of the defendant's application for writ of habeas corpus where the trial court (1) denied the writ without hearing evidence or argument regarding the defendant's claims and (2) did not express an opinion on the merits of the defendant's claims. *Id.* at 407; *see also Ex parte Campos*, No. 14-17-00492-CR, 2017 WL 4797839, at *1–2 (Tex. App.—Houston [14th Dist.] Oct. 24, 2017, no pet.) (mem. op., not designated for publication) (defendant appealed trial court's denial of habeas application; appellate court held it lacked jurisdiction to consider appeal where

4

"[t]he record . . . [did] not establish that the trial court ruled on the underlying merits of [defendant's] writ application").

Here, Eugene filed her habeas petition on February 15, 2023, but the record does not reflect that the trial court reached the merits of her habeas application. While the record shows that a hearing took place on her habeas petition on February 24, 2023, the record does not indicate that the trial court heard evidence or argument addressing the claims asserted in Eugene's habeas petition. In fact, during the hearing, the parties stated that they did not "believe any evidence [was] necessary." Further, the record does not show that the trial court considered or resolved the merits of Eugene's petition. Instead, the trial court noted that it appeared "the conviction ha[d] been dismissed and vacated." After the parties confirmed that to be the case, the trial court stated, "[w]ell, [the habeas petition] will be denied. All right. We're good to go." The trial court then entered a form order checking a box stating that it "Order[ed] Relief Denied."

We conclude that the appellate record does not establish that the trial court considered the merits of Eugene's habeas petition. *See Purchase*, 176 S.W.3d at 407 (when record reveals trial court "denied" application for writ of habeas corpus without hearing evidence or argument regarding defendant's claims, and without expressing opinion on merits of those claims, trial court does not resolve merits of habeas application and appellate court lacks jurisdiction (internal quotations

5

omitted)); *see, e.g., Ex parte Lewis*, No. 14-16-00629-CR, 2017 WL 6559647, at *1–2 (Tex. App.—Houston [14th Dist.] Dec. 21, 2017, pet. ref'd) (mem. op., not designated for publication) (trial court's checking of box stating, "Orders Relief Denied," did not show it reached merits of defendant's habeas application).

Accordingly, the Court dismisses the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We also dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).