

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-23-00264-CR |
| EX PARTE: | § | Appeal from the |
| OLIVIA JEONG, | § | County Court |
| Appellant. | § | of Hudspeth County, Texas |
| | § | (TC# CR-09654) |

## MEMORANDUM OPINION

This appeal is before the Court on its own motion for determination of whether the appeal should be dismissed for want of jurisdiction. Appellant Olivia Jeong, acting pro se, attempts to appeal from the denial of her application for pretrial writ of habeas corpus, which was entered on September 26, 2023. After confirming the absence of an order denying the habeas application on its merits, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

Jeong was charged by information with one count of criminal mischief >=$750<$2,500. On August 16, 2023, Jeong filed an application for pretrial writ of habeas corpus asserting there was no probable cause to charge her with the offense charged. On September 26, 2023, the trial court entered an order denying her habeas application. Jeong appealed.

We originally dismissed this cause in October 2023 for lack of an appealable order. *Jeong v. State*, No. 08-23-00264-CR, 2023 WL 6814143, at *1 (Tex. App.—El Paso Oct. 16, 2023, no pet.) (mem. op., not designated for publication). The docketing certificate filed by the district court clerk had indicated that no appealable order existed. On that basis, the Clerk of this Court sent an inquiry to Jeong giving notice of intent to dismiss for want of jurisdiction unless grounds for continuing the appeal could be established. Although Jeong responded by asserting the trial court had denied her habeas application on September 26, 2023, she failed to provide a written order. *Id.* Following dismissal of her appeal, Jeong filed a motion for rehearing attaching the September 26 order signed by the trial court. We granted Jeong's motion for rehearing, withdrew our opinion and judgment, and reinstated the cause to our active docket.

## APPELLATE JURISDICTION

We must determine whether we have jurisdiction over this appeal. *See Ex parte Villanueva*, 252 S.W.3d 391, 393–94 (Tex. Crim. App. 2008).

A pretrial habeas corpus proceeding is a separate criminal action, distinct from the underlying criminal prosecution. *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005). Whether a trial court's disposition in a habeas proceeding may be appealed depends on whether the trial court considered and resolved the habeas application on its merits. *See id.* at 650; *Purchase v. State*, 176 S.W.3d 406, 407 (Tex. App.—Houston [1st Dist.] 2004, no pet.). If the trial court in fact considers and rules on the merits of the application, the losing party may appeal regardless of whether the court formally issued a writ. *See Villanueva*, 252 S.W.3d at 393–94. But if the trial court refuses to issue a writ, or otherwise dismisses or denies a habeas application without ruling on the merits of its claim or claims, the applicant has no right to appeal. *See id.* at 394; *Ex parte Carbajal*, No. 08-19-00238-CR, 2021 WL

2

1050059, at *3 (Tex. App.—El Paso Mar. 19, 2021, no pet.) (not designated for publication) (dismissal based on lack of any opinion on the merits of the claim); *Ex parte Garcia*, 683 S.W.3d 467, 472 (Tex. App.—San Antonio 2023, no pet.) (dismissal warranted after the record revealed the trial court denied the writ "without hearing evidence or argument regarding appellant's claims, and without expressing an opinion on the merits of those claims."). We may review the entire record to determine whether the trial court ruled on the merits of a habeas application. *See Ex parte Bowers*, 36 S.W.3d 926, 927 (Tex. App.—Dallas 2001, pet. ref'd).

In this case, it is undisputed that the trial court did not issue the writ. The trial court's September 26 order reflects it denied the writ of habeas corpus to the extent that Jeong had sought dismissal of the case. By a letter filed with this Court during this appeal, Jeong acknowledges that no hearing was conducted by the trial court on her application for a writ of habeas corpus. Accordingly, we conclude the record is absent of any indication the trial court heard any evidence or argument regarding Jeong's specific habeas claims, and the trial court expressed no opinion on the merits of her claims. *See Ex parte Leija*, No. 04-22-00600-CR, 2024 WL 604769, at *2 (Tex. App.—San Antonio Feb. 14, 2024, no pet.) (mem. op., not designated for publication); *Ex parte Garcia*, 683 S.W.3d at 473.

Because our review of the entire record establishes the trial court did not rule on the merits of Jeong's habeas application, we conclude we lack appellate jurisdiction to review Jeong's appeal. We therefore dismiss her appeal for want of jurisdiction.

GINA M. PALAFOX, Justice

June 21, 2024

Before Alley, C.J., Palafox and Soto, JJ.

3