

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00432-CR

**EX PARTE** Jorge Luis **VAZQUEZ PEREZ**

From the County Court, Kinney County, Texas
Trial Court No. 12228CR
Honorable Susan D. Reed, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
             Beth Watkins, Justice
             Liza A. Rodriguez, Justice

Delivered and Filed: October 16, 2024

DISMISSED FOR WANT OF JURISDICTION

Jorge Luis Vazquez Perez filed a notice of appeal challenging the trial court's order denying habeas relief. We dismiss the appeal for want of jurisdiction.

### BACKGROUND

On February 24, 2022, the State charged Vazquez Perez by information with the misdemeanor offense of criminal trespass and the County Clerk assigned the case a cause number—12228CR.

Vasquez Perez then filed two applications for pretrial writs of habeas corpus, both of which the trial court subsequently denied. On December 14, 2022, Vazquez Perez filed the first application arguing the State violated his federal and state constitutional rights to equal protection ("the equal protection application"). On December 15, 2022, Vazquez Perez filed the second

application arguing that the State violated his federal and state constitutional rights by deporting him ("the deportation application"). Although habeas corpus proceedings are separate proceedings independent of the underlying criminal case that should be assigned their own cause numbers, both of Vazquez Perez's applications were filed under cause number 12228CR—neither was assigned a new cause number.[1] *See Ex parte Carter*, 849 S.W.2d 410, 411 n.2 (Tex. App.—San Antonio 1993, pet. ref'd).

On February 1, 2023, Vazquez Perez filed a Defendant's Request for Writ Hearing. This request appears to relate to the equal protection application.

On February 18, 2023, the trial court signed an Order on Application for Writ of Habeas Corpus, reciting that it had considered "the Application for Pretrial Writ of Habeas Corpus," but failing to specify *which* application it had considered. The trial court granted the application and set a schedule for the submission of evidence. Vazquez Perez then submitted evidence to the trial court relating to his equal protection claim.

On March 7, 2023, the trial court entered its first denial order. This order recited that the court had considered "the Application for Pretrial Writ of Habeas Corpus" and further provided that the judge was "aware women [were] being arrested and charged under Operation Lone Star and ha[d] arraigned women on the charge of Criminal Trespass under OLS prosecutions." This information was relevant only to Vazquez Perez's equal protection application. The court denied the application without holding a hearing.

---

[1] Vazquez Perez's December 15, 2022 deportation application sought neither to amend nor to supplement his December 14, 2022 equal protection application. *Cf. Ex parte Speckman*, 537 S.W.3d 49, 55 n.9 (Tex. Crim. App. 2017) (explaining the difference between an "amended application" and a "supplemental application"). Further, because Vazquez Perez is challenging the restraints on his liberty imposed before trial, rather than challenging a conviction, he is not restricted to filing a single application for writ of habeas corpus. *Compare* TEX. CODE CRIM. PROC. arts. 11.06, 11.09 (containing no explicit restrictions on filing subsequent applications for pretrial habeas relief), *with* TEX. CODE CRIM. PROC. art. 11.07, § 4(a) (prohibiting court from considering merits of subsequent habeas application unless it meets specified conditions).

On March 25, 2023, the trial court entered its second denial order. This order provided that the trial court denied the application "without issuing writ."

On April 20, 2023, Vazquez Perez filed a Notice of Appeal indicating that he wished to challenge "the appealable order of the trial court dated 3/25/2023, in which that Court denied relief on Mr. Jorge Luis Vazquez Perez['s] Verified Application for Pretrial Writ of Habeas Corpus." The parties then filed appellate briefs that focused exclusively on the equal protection application and the trial court's March 7, 2023 denial of that application.

On July 30, 2024, after identifying potential defects in this court's jurisdiction, we notified Vazquez Perez that we would dismiss this appeal unless he filed a response demonstrating our jurisdiction over this appeal.

In response, Vazquez Perez conceded that "the notice of appeal was untimely filed[,] that the time for a corresponding motion for extension of time to file a notice of appeal has also since passed," and, as a result, "this Court does not have jurisdiction over the lower court's refusal to issue Mr. Vazquez-Perez's writ."

**ANALYSIS**

There is no right to an appeal when a trial court refuses to issue a habeas writ or dismisses or denies a habeas application without ruling on the merits of the applicant's claims. *See Ex parte Villanueva*, 252 S.W.3d 391, 394, 395 (Tex. Crim. App. 2008); *Purchase v. State*, 176 S.W.3d 406, 407 (Tex. App.—Houston [1st Dist.] 2004, no pet.). "To determine whether the trial court ruled on the merits of a habeas application—thereby rendering the order appealable—we may review the entire record." *Ex parte Garcia*, 683 S.W.3d 467, 472 (Tex. App.—San Antonio 2023, no pet.) (citing *Ex parte Bowers*, 36 S.W.3d 926, 927 (Tex. App.—Dallas 2001, pet. ref'd); *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991), *superseded in part by statute as discussed in Villanueva*, 252 S.W.3d at 397). If the record does not show that the trial court ruled

on the merits of the habeas application, we lack jurisdiction over an appeal from the trial court's order. *See Ex parte Molina Valencia*, No. 04-23-01044-CR, 2024 WL 1642923, at *1 (Tex. App.— San Antonio April 17, 2024, no pet.) (en banc).

Here, Vazquez Perez attempts to appeal "the appealable order of the trial court dated 3/25/2023. . . ." While the record in this case is not a model of clarity, it is apparent that the trial court's first denial order—the March 7 order—denied the equal protection application and the second denial order—the March 25 order—denied the deportation application.

With regard to the March 25 order, the record does not show that any party submitted evidence to the trial court related to Vazquez Perez's deportation application or that the trial court held a hearing on or otherwise considered the merits of that application. In the March 25 order, the trial court denied the deportation application "without issuing writ"—language we have held did not constitute a ruling on the merits. *See, e.g.*, *Molina Valencia*, 2024 WL 1642923, at *2. Thus, because nothing in the record indicates that the trial court considered any evidence related to or otherwise considered the merits of Vazquez Perez's December 15, 2022 deportation application, we conclude that we lack jurisdiction over an appeal of the trial court's March 25, 2023 order denying that application. *See id*. at *1–2; *Ex parte Santiago Villalobos*, No. 04-23-00305-CR, 2023 WL 5604192, at *1–2 (Tex. App.—San Antonio Aug. 30, 2023, no pet.); *In re Lara Belmontes*, 675 S.W.3d 113, 115 (Tex. App.—San Antonio 2023, no pet.); *Purchase*, 176 S.W.3d at 407; *Ex parte Bowers*, 36 S.W.3d 926, 927 (Tex. App.—Dallas 2001, pet. ref'd).

With regard to the March 7 order, a notice of appeal generally must be filed within 30 days after the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Any appeal of the trial court's March 7 order was therefore due by April 6. But Vazquez Perez did not file his notice of appeal until April 20. Thus, as Vazquez Perez concedes, we lack jurisdiction over an appeal from the trial court's March 7, 2023 order.

**CONCLUSION**

Because we lack jurisdiction to review either of the orders at issue in this case, we dismiss this appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH