

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00025-CV

**IN THE COMMITMENT OF** Stephen Patrick **BLACK**

From the 274th Judicial District Court, Guadalupe County, Texas
Trial Court No. 15-1805-CV
Honorable Gary L. Steel, Judge Presiding

Opinion by:     Lori Massey Brissette, Justice

Sitting:         Irene Rios, Justice
                 Lori Massey Brissette, Justice
                 Adrian A. Spears II, Justice

Delivered and Filed: December 17, 2025

DISMISSED FOR WANT OF JURISDICTION; PETITION FOR WRIT OF MANDAMUS
DENIED

Appellant Stephen Patrick Black appeals from the denial of his application for writ of

habeas corpus. We dismiss the appeal for want of jurisdiction, treat the appeal as a petition for writ

of mandamus at Black's request, and deny his mandamus petition.

### BACKGROUND

Black was civilly committed in April 2016, after a jury found him to be a sexually violent

predator. *See* TEX. HEALTH & SAFETY CODE § 841.081. This court affirmed the judgment and

commitment. *See In re Commitment of Black*, 522 S.W.3d 2 (Tex. App.—San Antonio 2017, pet.

denied), *cert. denied sub nom. Black v. Texas*, 586 U.S. 878, 139 S. Ct. 204, 202 L. Ed. 2d 140

(2018). Black remains civilly committed to the Texas Civil Commitment Center ("TCCC") for treatment and supervision.

On November 11, 2024, Black filed an application for writ of habeas corpus seeking court-ordered removal of a GPS tracking device from his person. Black's habeas petition alleges he had previously been required to wear a GPS device, which he asserts was removed after he made progress in his treatment. Black alleges that he was illegally and unconstitutionally required to wear a GPS device again based on a polygraph test response indicating "no opinion" regarding his possession of contraband and/or inappropriate cell phone usage. In support of his habeas application, Black attaches only three exhibits as evidence: (1) the Texas Civil Commitment Office's ("TCCO") policy for requiring GPS tracking, along with a blank GPS removal application form; (2) an aerial photo of the TCCC; and (3) a written statement signed by Black alleging the circumstances under which he was required to wear a GPS device again.

The trial court denied Black's habeas application without a hearing. Black appeals, arguing (1) the trial court abused its discretion by failing to rule on the merits of his habeas application; and (2) in the alternative, he is entitled to mandamus relief.

### JURISDICTION

First, we must consider whether we have jurisdiction over this appeal. *See Ex parte Villanueva*, 252 S.W.3d 391, 393–94 (Tex. Crim. App. 2008); *Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009) ("Courts always have jurisdiction to determine their own jurisdiction.") (internal quotations omitted).

#### A. Applicable Law

There is no right to an appeal when a trial court refuses to issue a habeas writ or dismisses or denies a habeas application without ruling on the merits of the applicant's claims. *See*

*Villanueva*, 252 S.W.3d at 394; *Ex parte Garcia*, 683 S.W.3d 467, 471–72 (Tex. App.—San Antonio 2023, no pet.) (en banc); *Purchase v. State*, 176 S.W.3d 406, 407 (Tex. App.—Houston [1st Dist.] 2004, no pet.). "Thus, where the record does not show that the trial court ruled on the merits of the application for writ of habeas corpus, we lack jurisdiction over the appeal." *Ex parte Blunston*, No. 04-12-00657-CV, 2013 WL 3874471, at *1 (Tex. App.—San Antonio July 24, 2013, no pet.) (mem. op., not designated for publication); *see Ex parte Bowers*, 36 S.W.3d 926, 927 (Tex. App.—Dallas 2001, pet. ref'd) (holding that an appellate court "may consider the entire record" when determining whether the trial court ruled on the merits of a habeas application and dismissing appeal when nothing in the record showed the trial court considered the merits of the application); *Ex parte Miller*, 931 S.W.2d 724, 725 (Tex. App.—Austin 1996, no pet.) (holding that the appellate court lacked jurisdiction over an appeal from a trial court's denial of a habeas application "[b]ecause the district court denied the application for writ of habeas corpus without expressly ruling on the merits of claims for relief"). When a trial judge "denies an applicant a hearing on the merits of his [] claims, there is no right to appeal." *Garcia*, 683 S.W.3d at 471–72 (citing *Villanueva*, 252 S.W.3d at 394).

### B. Application

Here, the trial court denied Black a hearing on the merits of his habeas claim, and "the record is devoid of any indication the trial court heard any evidence or argument" regarding Black's claim. *Id.* at 473. The trial court "expressed no opinion on the merits" of his claim. *Id.*; *see Purchase*, 176 S.W.3d at 407. Therefore, the trial court did not rule on the merits when denying Black's habeas application, and we lack appellate jurisdiction to review Black's appeal. *See Garcia*, 683 S.W.3d at 473; *Villanueva*, 252 S.W.3d at 394. Black's first issue is overruled.

**REQUEST TO TREAT HABEAS APPEAL AS A MANDAMUS PETITION**

Black requests that if we determine the trial court's order is not appealable, we convert his appeal to a mandamus petition and direct the trial court to consider the merits of his habeas application or grant his requested habeas relief. When a trial court refuses to issue a writ or denies an applicant a hearing on the merits of the habeas claims, "the applicant has two remedies: first, to present the application to another trial judge with jurisdiction; or second, to file an application for a writ of mandamus." *Villanueva*, 252 S.W.3d at 394; *see Garcia*, 683 S.W.3d at 473; *Hodge v. Kraft*, 490 S.W.3d 510, 516 n.2 (Tex. App.—San Antonio 2015, no pet.) (noting that "in certain circumstances, we may treat an interlocutory appeal as a petition for writ of mandamus") (citing *CMH Homes v. Perez*, 340 S.W.3d 444, 452–53 (Tex. 2011)). We will therefore consider Black's appeal as a petition for writ of mandamus.

### A. Mandamus Standard and Applicable Law

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion when the relator has no adequate remedy by appeal. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A trial court abuses its discretion if its ruling "is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re K&L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding) (internal quotation marks omitted). To be entitled to mandamus relief, the relator must establish that the trial court could have only reasonably reached one conclusion. *Id.* The relator bears the burden to provide the Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

The Texas Legislature expressly found that "a small but extremely dangerous group of sexually violent predators exists and that those predators have a behavioral abnormality that is not

amenable to traditional mental illness treatment modalities and that makes the predators likely to engage in repeated predatory acts of sexual violence." TEX. HEALTH & SAFETY CODE § 841.001. The Texas Health and Safety Code requires that a judge ordering a person's civil commitment "shall impose on the person requirements necessary to ensure the person's compliance with treatment and supervision and to protect the community." *Id.* § 841.082(a). These requirements "shall" include:

> (4) requiring the person to submit to appropriate supervision and:
>     (A) submit to tracking under a particular type of tracking service, if the person:
>         (i) while residing at a civil commitment center, leaves the center for any reason;
>         (ii) is in one of the two most restrictive tiers of treatment, as determined by the office;
>         (iii) is on disciplinary status, as determined by the office; or
>         (iv) resides in the community[.]

*Id.* The statute defines "tracking service" to include GPS tracking devices. *See id.* § 841.002(10). The TCCO "shall determine the conditions of supervision and treatment of a committed person." *id.* § 841.083(a).

### B. Application

The Beaumont Court of Appeals recently considered a similar appeal. *See In re Commitment of Marks*, No. 09-24-00277-CV, 2025 WL 2416827, at *5 (Tex. App.—Beaumont Aug. 21, 2025, no pet.). Marks, a civilly committed person, filed a habeas application alleging the requirement that he wear a GPS tracking device illegally and unconstitutionally restrained his liberty. *Id.* at *2. The trial court denied his habeas application without ruling on the merits, so the appellate court held it lacked jurisdiction over his appeal from that denial. *Id.* at *4. The appellate court further held that Marks failed to meet his burden to provide sufficient record evidence to

establish his right to mandamus relief because he failed to show the trial court clearly abused its discretion by declining to consider the merits of his habeas corpus petition. *Id.* at *5.

As in *Marks*, Black has not met his burden to provide a sufficient record to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837. Beyond his own conclusory assertions, Black provides no evidence of the circumstances under which he was allegedly required to submit to a GPS tracking device. The record does not indicate Black's current tier of treatment or his disciplinary status. *See* TEX. HEALTH & SAFETY CODE § 841.082(a)(4)(A). Nor did he present such evidence to the trial court in his habeas application. Black has therefore not met his burden to show the trial court could have only reasonably reached the conclusion that it must consider the merits of his habeas application or that he is entitled to his requested habeas relief. *See K&L Auto Crushers*, 627 S.W.3d at 247. Because Black has not presented evidence that the trial court clearly abused its discretion, we cannot grant the extraordinary remedy of mandamus relief here. *See Sw. Bell Tel. Co.*, 235 S.W.3d at 623.

## CONCLUSION

Because the trial court's denial of Black's habeas application was not based on the merits, we lack jurisdiction to review his habeas appeal. We therefore dismiss his appeal for want of jurisdiction and, at Black's request, treat his appeal as a petition for writ of mandamus. Finally, we deny Black's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).[1]

Lori Massey Brissette, Justice

---

[1] Black's August 28, 2025 "Motion for Leave to Supplement Brief" is denied.